663 So.2d 797 (1995)
GREATER NEW ORLEANS CAR DEALERS ASSOCIATION, et al.
v.
LOUISIANA TAX COMMISSION, et al.
No. 95-CA-308.
Court of Appeal of Louisiana, Fifth Circuit.
October 18, 1995.
*798 Normand F. Pizza, Stephanie B. LaBorde, Baton Rouge, for Plaintiff/Appellee.
Vyrona M. Wiltz, Krotz Springs, for Defendant/Appellant.
Before BOWES, GRISBAUM and WICKER, JJ.
WICKER, Judge.
This class-action suit was instituted by the Greater New Orleans New Car Dealers Association and the Louisiana Auto Dealers Association, as representatives of all dealers of new motor vehicles within the state, against the Louisiana State Tax Commission. Also made defendant is Harry Lee, Sheriff and Ex Officio Tax Collector for the Parish of Jefferson, as representative of a class consisting of all sheriffs and ex officio tax collectors and all tax-collecting officers within the State of Louisiana. Before us on this appeal is a summary judgment granted in favor of intervenors, Banner Chevrolet, Inc. and Winningham Nissan-Volvo, Inc., as representatives of an additional plaintiff class, against the defendant tax authorities. We affirm the summary judgment, for the reasons set forth below.

FACTS

The Original Plaintiffs
The original plaintiffs asserted the Tax Commission had issued unlawful change orders directing tax collectors to levy and collect additional assessments from the plaintiff automobile dealerships' personal property and automobile inventory for the 1989 ad valorem tax assessment, pursuant to independent audits unilaterally conducted by the Commission. The plaintiffs claimed the Commission usurped the constitutional authority of the various parish tax assessors to conduct appraisals and assessments of personal property for ad valorem tax purposes, making the additional assessments unlawful and invalid. The plaintiffs alleged they had paid the additional taxes under protest, thereby reserving their right to file suit to contest the legality of the assessment.
The plaintiffs further contended that the Tax Commission's action in issuing the change order after the original ad valorem taxes had been collected violated the law. Alternatively, they argued that the Commission's actions were unlawful because the audits were conducted to generate assessments rather than to change or correct assessments and that the Commission failed to follow statutory guidelines for changing or correcting assessments, deprived the plaintiffs of their due process right to a hearing before imposition of the additional taxes, and failed to forward copies of the change orders to the plaintiffs by registered mail as required by statute.
The plaintiffs sought judgment setting aside the Tax Commission's change orders, ruling the 1989 assessment rolls correct, ordering the defendants to refund the amounts plaintiffs paid under protest, and holding defendants liable for reasonable litigation expenses, attorney's fees, and costs.
The defendants filed an exception of prescription and also excepted to certification of the suit as a class action. They contended that under La.R.S. 47:2110(A), taxpayers contesting illegality of a tax are required to *799 pay the taxes under protest and file suit within 30 days to preserve their cause of action. Defendants asserted that the class of plaintiffs, if any, should be limited to those who had properly preserved their right to appeal under La.R.S. 47:2110.
After argument on the exception the trial judge issued a judgment certifying the class of plaintiffs as "those taxpayers who were issued with change orders pursuant to the Tax Commission's audit and have paid their additional assessed taxes under protest timely, and those taxpayers who received the change orders of the Tax Commission but have not been issued with tax bills for the additional assessed taxes." The defendants' class was certified as "those sheriffs and ex-officio tax collectors who issued additional tax bills for the 1989 tax year pursuant to change order by the Louisiana Tax Commission."
Subsequently defendant Sheriff Harry Lee filed exceptions, contesting plaintiffs' right of action and challenging the court's authority to adjudicate the claims as a class action. The trial judge denied the exceptions, relying on his prior ruling regarding the class certification and rejecting the Sheriff's claim that plaintiffs had followed the wrong procedure to challenge correctness of the assessments.
The plaintiffs moved for summary judgment, which was granted by the district court on May 26, 1992. In the judgment the court found:
[S]ince the property taxes for the 1989 tax year had been paid, under L.S.A.-R.S. 47:1990, the Tax Commission was without authority to make a change of assessments and order collection of additional taxes after the taxes levied had been paid.
The Louisiana Tax Commission did not comply with the prescribed procedures outlined in L.A.S.A.[sic]-R.S. 47:1966 relating to omitted property. That section requires the taxing authority, as a condition for extending additional taxes, to prepare a supplemental roll which must be filed in the same manner as the regular tax rolls.
That judgment was not appealed.[1]

The Intervenors
On March 3, 1993, Banner Chevrolet and Winningham Nissan-Volvo moved to intervene as representatives of a class consisting of all new motor vehicle dealers within the State of Louisiana who were harmed by the actions of the Louisiana Tax Commission which were the subject of the principal litigation and who have not yet obtained relief. The defendants did not oppose the intervention and the district court permitted it.
Banner alleged that it had paid the additional assessment of taxes under protest, but the Orleans Parish tax collector had refused to refund the payment on a determination that the payment was untimely. Winningham alleged it had paid the taxes under protest, yet the tax collectors for Caddo Parish and the City of Shreveport had refused to issue refunds. The intervenors alleged the tax collectors of the various parishes in the state had failed to interpret the court's ruling consistently, so that some persons in intervenors' positions had obtained relief and others had not.
The intervenors contended that the tax collectors had no further authority for retaining the illegally collected taxes after the judgment of May 26, 1992. They sought a ruling that would (1) affirm the striking of the Tax Commission's change orders on the additional assessments, (2) confirm the correctness of the original assessment rolls for the 1989 ad valorem assessment, (3) find the Tax Commission's change orders unlawful as to intervenors, (4) order refunds, with interest, of the amounts illegally collected from the intervenors, (5) declare any uncollected amounts uncollectible, and (6) order the Tax Commission to pay intervenors' reasonable litigation expenses, including attorney's fees, and all costs. In addition, intervenors sought and obtained a preliminary injunction enjoining defendants against collecting from intervenors the sales tax reassessments *800 which were the subject matter of the principal suit.
The defendants filed no motions contesting certification of the class, nor any exceptions. The trial court certified the intervenor as a class consisting of "those new motor vehicle dealers ... who were harmed by the actions of the Louisiana Tax Commission which were the subject of prior proceedings in this litigation and who have not yet obtained relief," and certified as the defendant class the same defendants certified in the main demand. Thereafter the intervenors moved for summary judgment.
On October 25, 1994 the district court granted summary judgment in favor of the intervenors, finding:
The May 26, 1992 Judgment declaring the Commission's actions unlawful is broad enough to afford relief to both the members of the original plaintiffs' class and the intervenor class. To treat Intervenors differently would defeat the purpose of the class action. Therefore the Court finds in favor of Intervenors and against the Tax Commission. However, the Court also finds that the Sheriffs are not liable for the disbursement of funds to third parties who are not parties to this suit when "payment under protest" was not noted on the Intervenors' checks when paying the unlawful assessment.
The Louisiana Tax Commission has appealed, arguing that the trial court erred in finding that the Tax Commission may not assess property erroneously assessed after taxes are paid, in holding that the Tax Commission did not comply with the prescribed procedures outlined in La.R.S. 47:1966 relating to omitted property, and in holding that the Tax Commission was without authority to make the changes in the assessments at issue.

EFFECTS OF CLASS ACTION
In our view, however, the issues before us are different from those raised by the appellant. As mentioned above, the Tax Commission did not appeal the summary judgment in favor of the original class of plaintiffs. That judgment now is final, as far as can be ascertained from the record before us. Further, the Tax Commission neither opposed certification of the intervenors as a class, nor raised any exceptions to the intervention.
La.Code Civ.P. art. 593.1 provides, in pertinent part:
B. In the process of class certification or at any time thereafter before decision on the merits, the court may alter, amend or recall its certification and may enlarge, restrict, or otherwise redefine the constituency of the class or the issues to be maintained in the class action.
Once the class has been certified, if there is no alteration or other change in the constituency of the class or the issues, the decision on the merits is conclusive as to all members of the class. "A definitive judgment on the merits rendered in a class action concludes all members of the class, whether joined in the action or not, if the members who were joined as parties fairly insured adequate representation of all members of the class." La.Code Civ.P. art. 597.
The purpose of a class action is to achieve "economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. * * * Its object is to identify the cases where a class action promises important advantages of economy of effort and uniformity of result without undue dilution of procedural safeguards * * *." McCastle v. Rollins Environmental Services, 456 So.2d 612, 616 (La.1984). It should promote the basic aims and goals of any procedural deviceimplementing substantive law in a manner that will provide maximum fairness to all parties with a minimum expenditure of judicial effort. Stevens v. Board of Trustees of Police Pension Fund, 309 So.2d 144, 151 (La.1975).
Thus, the certification of the intervenors as members of the class of plaintiffs in this action gave the original summary judgment conclusive effect as to the intervenor class, just as it did to the original class of plaintiffs. The trial judge recognized this when he stated, "To treat Intervenors differently would defeat the purpose of the class *801 action." The court must guard against inconsistent holdings to similarly placed persons without sacrificing overall fairness. Adams v. CSX Railroads, 615 So.2d 476, 483 (La.App. 4th Cir.1993).
We analogize this situation to those contemplated by the "law of the case" doctrine:
The term "law of the case" denotes a principle that recognizes the binding force of trial court rulings during later stages of the trial, the conclusive effects of appellate decisions at the trial on remand, and that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case. * * * The law of the case doctrine avoids indefinite relitigation of the same issue, obtains consistent results in the same case, affords one opportunity for argument and decision and provides fairness to the parties involved. [Citations omitted.]
Pitre v. Louisiana Tech University, 26,388 (La.App. 2nd Cir. 5/10/95), 655 So.2d 659, 663-664. See also, Day v. Campbell-Grosjean Roofing & Sh. Metal Corp., 260 La. 325, 256 So.2d 105 (1971); Petition of Sewerage & Water Board of New Orleans, 278 So.2d 81 (La.1973). "That policy applies against those who were parties to the litigation when the prior decision was rendered and who have had their day in court." Burns v. Sabine River Authority, 614 So.2d 1337, 1339 (La. App. 3rd Cir.1993), writ denied, 617 So.2d 935 (La.1993).
Although the intervenor class was not yet a party at the time the original summary judgment was rendered, the inclusion of intervenors within the class of original plaintiffs makes the principles enunciated in the original summary judgment "law of the case" as to intervenors. Rather than appealing after summary judgment was rendered in favor of the intervenors, the defendants should have urged an exception to the inclusion of intervenors in the class action. As set out in Stevens v. Board of Trustees of Police Pension Fund, supra, at 152, "the exception to the use of the class action is of so fundamental a nature as to be a peremptory objection which may be pleaded at any stage of the proceeding prior to submission to the trial court."
Accordingly, the Tax Commission, having failed to exclude intervenors as members of the plaintiff class, cannot seek reversal of the legal principles in a ruling that is a final judgment.

DECREE
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] The ruling did not address the issues of refunds. According to the parties' briefs on this appeal, that has been left to the individual plaintiffs.