693 So.2d 147 (1997)
Gloria COTTON, et al.
v.
GAYLORD CHEMICAL CORP., et al.
Eddie WALKER, et al.
v.
GAYLORD CHEMICAL, et al.
KATES, et al.
v.
GAYLORD CHEMICAL CORPORATION, et al.
Nos. 97-CC-800, 97-CC-830.
Supreme Court of Louisiana.
April 8, 1997.
Stay order denied. Writ Denied.
CALOGERO, C.J., concurs and assigns reasons.
LEMMON, J., not on panel; recused.
CALOGERO, Chief Justice, concurring in the denial of writs.
I join the majority in denying the consolidated writ applications because the court of appeal has made a call I would not upset: Namely, that the district court has not sufficiently tested the adequacy of plaintiff class representatives through an evidentiary hearing "prior to her certification of the class."
I specifically do not agree, however, and I surmise that the majority does not necessarily agree with the court of appeal decision that, in a class action, the use of claim and/or proof of claim forms can only be used after the determination of liability.
Of course, the denial of a writ does not make law. McClendon v. State, Dept. of Trans. & Dev., 94-111, p. 2 n. 1 (La.9/6/94), 642 So.2d 157, 158 n. 1. Thus, the Court's denial here does not create binding precedent as to the court of appeal's resolution of any of the issues raised in the application.
That denial does, however, have a significant practical effect in this litigation. Even as to this litigation alone, however, in my view, this Court, in denying the writ regarding adequacy of class representation, has not necessarily spoken to the correctness of the court of appeal's holding that the use notice of claim and/or proof of claim forms is prohibited until after a determination of liability.
*148 In my view, it is imperative that parties be permitted to engage in the early assembly of proof of claim forms for the ultimate use and benefit of the district court, the defendants,[1] the plaintiffs lawyer committee, the other attorneys representing plaintiffs, and the plaintiffs themselves, as some of the most fundamental purposes of the class action device are to achieve economies of time, effort, and expense. Greater New Orleans Car Dealers Ass'n v. Louisiana Tax Comm'n, 95-308 (La.App. 5th Cir. 10/18/95), 663 So.2d 797; Lailhengue v. Mobil Oil Co., 94-2114 (La.App. 4th Cir. 6/7/95), 657 So.2d 542. Such purposes cannot be advanced by requiring that a determination of liability precede discovery or the gathering of information needed to further the parties' preparation for trial or settlement negotiations.
It is for this reason that I concur to point out what I perceive to be the limited import of the Court's denial of writs in this case.
NOTES
[1] I note that in the instant case, the defendant, Dow Chemical Co., was a co-relator, along with the plaintiffs lawyer committee, in challenging the correctness of the court of appeal's decision.