11 GAUDIN, Judge.
Kenneth Perez and Chet Kelly were injured on November 3,1990 in the 17th Street canal when the small boat they were in collided with an unmarked wire or cable attached at one end to a crane boom high above the water line and at the other end to a heavy bucket, being used as an anchor, at the bottom of the waterway. The crane was situated on a barge owned by Boh Brothers Construction Company, Inc., which was doing dredging work in the canal for the Orleans Levee Board and the Orleans Sewerage and Water Board.
Perez, Kelly and a third man, Anthony Smith, had been fishing the day of the accident, November 3, 1990. They had been drinking beer and both Perez and Kelly admitted having smoked one marijuana cigarette. Kelly’s blood-alcohol level was at .253 and Perez’s at .160. Late in the day, near dusk, Perez and Kelly decided to drive Kelly’s boat into the 17th Street canal and catch live bait minnows for use the next day.
Kelly drove the boat into the canal but Perez was driving on the way out when the accident occurred. Kelly drove under the crane going in and he assumed that Perez saw the wire. Perez has no recollection of the accident because of his head injury. He remembers getting into Kelly’s boat to look for minnows but that’s all.
12Perez and Kelly filed separate lawsuits in the 24th Judicial District Court which were eventually consolidated for a bench trial in May and June, 1995.
The trial judge rendered only one judgment on July 17, 1995. Perez was awarded $787,814.55 but found to be 40 per cent con- *1377 tributorily negligent. Also found eontribu-torily negligent in Perez’s ease (No. 423, 570, 24th Judicial District Court) were defendants Orleans Levee Board and Orleans Sewerage and Water Board, jointly and solidarily, 50 per cent; and defendant Boh Brothers, 10 per cent. Thus, Perez’s award was reduced by 40 per cent.
In the same judgment, Kelly was awarded $251,565.00 but found to be 40 per cent con-tributorily negligent. Also found contribu-torily negligent in Kelly’s case (No. 423, 970, 24th Judicial District Court) were defendants Orleans Levee Board and Orleans Sewerage and Water Board, jointly and solidarily, 50 per cent; and defendant Boh Brothers, 10 per cent. Kelly’s award, like Perez’s, was reduced by 40 per cent.
On appeal, the Orleans Levee Board[1] contends that the trial judge erred:
(1) in his apportionment of fault,
(2) in failing to consider the affirmative defenses and third party demands of the Orleans Levee Board,
(3) in finding the Orleans Levee Board negligent,
(4) in finding that the Orleans Levee Board was engaged in a joint venture with the Sewerage and Water Board,
(5) in awarding excessive damages to Perez, and
13(6) in not giving the Louisiana Insurance Guaranty Association (LIGA) and its insured, the Orleans Levee Board, the set off and/or credit it was and is statutorily entitled to.
In its appeal, the Sewerage and Water Board argues that the trial'judge erred:
(1) in attributing any degree of fault to the Sewerage and Water Board,
(2) in not finding that Perez and Kelly were together 100 per cent responsible for the accident,
(3) in not finding, in the alternative, that the only fault was that of Boh Brothers,
(4) in the apportionment of fault,
(5) in awarding excessive damages to both plaintiffs, and
(6)in finding that there was a joint venture between the Orleans Levee Board and the Sewerage and Water Board.
Boh Brothers settled with both Perez and Kelly prior to trial and consequently is not directly involved in this appeal. Nonetheless, any negligence by this party must be accounted for. See Veazey v. Elmwood, 646 So.2d 866 (La.1994).
The judgment dated July 17, 1995 contains two different allocations of fault for one accident. We are unaware of any procedural rule or jurisprudence sanctioning conflicting allocations of fault when two eases are tried together before one judge and when the testimony and evidence are obviously and necessarily identical. Inasmuch as the testimony and evidence were the same for and in both cases, dissimilar allocations of fault were inappropriate even if separate judgments had been rendered.
Had these complex cases been tried at different times with different testimony and evidence or before different judges, conflicting allocations ofjjfault would be more probable than possible. Such was not the ease, however.
The different allocations of fault in the July 17, 1995 judgment were erroneous in another respect. The trial judge found, in his allocations of fault, both Perez and Kelly contributorily negligent. It is clear from the record that Perez’s negligence contributed to Kelly’s injuries and that Kelly’s negligence contributed to Perez’s injuries, yet the allocations of fault do not reflect this. In Perez’s judgment, no fault is allotted to Kelly; and in Kelly’s judgment, no fault is assigned to Perez.
Accordingly, we will set aside the different allocations of fault and remand to the trial judge for him to render one allocation including Perez, Kelly and the three defendants previously found contributorily negligent by him. Separate judgments could be rendered but the allocations of fault must not vary from judgment to judgment.
*1378 We do affirm much of the July 17, 1995 judgment. Considerable deference must be given the fact-finder although two (instead of one) allocations of fault were mistakenly made. See Clement v. Frey, 666 So.2d 607 (La.1996), which discussed deference owed the trial judge’s findings although erroneous in some respects. We affirm the trial court’s determination that all parties were eontribu-torily negligent to some degree for the injuries sustained by Perez and Kelly for the following general but not exclusive reasons:
Perez, for going into the 17th Street canal after dark although he was aware of construction work and for driving Kelly’s boat at an excessive rate of speed, 30 miles per hour, considering the circumstances and the fact that he had been drinking.
Kelly for going into the canal at night, for not warning Perez about the | gwire after allowing him (Perez) to drive the boat out of the canal and for permitting Perez to drive at an excessive rate of speed, considering the circumstances and the fact that he, like Perez, had been drinking.
The Orleans Levee Board and the Sewerage and Water Board, for not placing adequate warning signs or barriers although they knew or should have known that Buck-town fishermen used or might use the canal; and
Boh Brothers, for placing a dangerous and inconspicuous cable in a fairly wide canal open to Lake Pontchartrain.
We note that the trial judge, from the bench, gave extensive reasons why all parties negligently contributed to this accident. We leave it to him to initially make one appropriate allocation of fault based on his findings.
We also affirm the awards to Perez and Kelly, both awards being supported by the evidence; and we affirm the finding that the Orleans Levee Board and the Sewerage and Water Board jointly engaged Boh Brothers to do the canal work.
Perez sustained a severe head injury, causing permanent damage. He underwent two craniotomies. He also had a broken bone in his hand which required surgery. Perez’s medical bills exceeded $176,000.00.
Kelly sustained a herniated disc, fractured ribs, a concussion of the inner ear, burns and plural thickening and hematoma of the left lung.
Finally, there is insufficient evidence in the record to support the Orleans Levee Board’s contention that it and/or LIGA were entitled to a statutory set off or credit.
In this appeal, each party is to bear his or its costs.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

. Actually and officially the Board of Commissioners of Ae Orleans Levee District.