694 So.2d 463 (1997)
Chet KELLY
v.
BOH BROTHERS CONSTRUCTION COMPANY, INC., the City of New Orleans, the Sewerage and Water Board of New Orleans and the Board of Commissioners of the Orleans Levee District, et al.
Kenneth PEREZ
v.
BOH BROTHERS CONSTRUCTION COMPANY, INC., the City of New Orleans, the Sewerage and Water Board of New Orleans and the Board of Commissioners of the Orleans Levee District, et al.
Nos. 96-CA-1051, 96-CA-1052.
Court of Appeal of Louisiana, Fifth Circuit.
April 9, 1997.
*465 McQuaig & Solomon, Scott W. McQuaig, W. Chad Stelly, Metairie, for Appellants The Board of Commissioners of the Orleans Levee District and the Louisiana Insurance Guaranty Association.
Mary-Elizabeth Paltron, New Orleans, for Appellant Sewerage and Water Board of New Orleans.
Frank M. Buck, Jr., Robert L. Manard, New Orleans, for Appellee Kenneth Perez.
Clarence F. Favret, III, New Orleans, for Appellee Chet Kelly.
Before GRISBAUM, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Defendants, the Board of Commissioners of the Orleans Levee District (Orleans Levee Board), the Louisiana Insurance Guaranty Association (LIGA) and the Sewerage and Water Board of New Orleans (Orleans Sewerage & Water Board) appeal from the district court judgment rendered, on remand, in favor of plaintiffs, Kenneth Perez (Perez) and Chet Kelly (Kelly), apportioning specific fault among the parties. For the reasons which follow, we affirm.
This case is presently before the court on appeal from a judgment rendered after remand. The remand was ordered by this court in the initial appeal, requiring the district court to reapportion fault between the parties. Perez v. Boh Brothers Construction Co., Inc., 95-983 (La.App. 5th Cir 5/15/96), 673 So.2d 1375, writs denied, 96-1523 (La.9/20/96), 679 So.2d 444.
The facts giving rise to this action were previously set out by this court in the initial appeal, as follows:
Kenneth Perez and Chet Kelly were injured on November 3, 1990 in the 17th Street canal when the small boat they were in collided with an unmarked wire or cable attached at one end to a crane boom high above the water line and at the other end to a heavy bucket, being used as an anchor, at the bottom of the waterway. The crane was situated on a barge owned by Boh Brothers Construction Company, Inc., which was doing dredging work in the canal for the Orleans Levee Board and the Orleans Sewerage and Water Board.
Perez, Kelly and a third man, Anthony Smith, had been fishing the day of the accident, November 3, 1990. They had been drinking beer and both Perez and Kelly admitted having smoked one marijuana cigarette. Kelly's blood-alcohol level was at .253 and Perez's at .160. Late in the day, near dusk, Perez and Kelly decided to drive Kelly's boat into the 17th Street canal and catch live bait minnows for use the next day.
Kelly drove the boat into the canal but Perez was driving on the way out when the accident occurred. Kelly drove under the crane going in and he assumed that Perez saw the wire. Perez has no recollection of the accident because of his head injury. He remembers getting into Kelly's boat to look for minnows but that's all.
Perez and Kelly filed separate lawsuits in the 24th Judicial District Court which were eventually consolidated for a bench trial in May and June, 1995.
The trial judge rendered only one judgment on July 17, 1995. Perez was awarded $787,814.55 but found to be 40 per cent contributorily negligent. Also found contributorily negligent in Perez's case (No. 423, 570, 24th Judicial District Court) were defendants Orleans Levee Board and Orleans Sewerage and Water Board, jointly and solidarity, 50 per cent; and defendant Boh Brothers, 10 per cent. Thus, Perez's award was reduced by 40 per cent.
In the same judgment, Kelly was awarded $251,565.00 but found to be 40 per cent contributorily negligent. Also found contributorily negligent in Kelly's case (No. 423, 970, 24th Judicial District Court) were defendants Orleans Levee Board and Orleans Sewerage and Water Board, jointly and solidarity, 50 per cent; and defendant Boh Brothers, 10 per cent. Kelly's award, like Perez's, was reduced by 40 per cent.
*466 When originally before us, we affirmed several of the lower court's determinations: (1) that all parties were contributorily negligent to some degree for the injuries sustained by Perez and Kelly; (2) that plaintiffs' Perez and Kelly, were entitled to monetary damage awards in the amounts of $787,814.55 and $251,565, respectively; (3) that the Orleans Levee Board and the Orleans Sewerage and Water Board were joint venturers, jointly and solidarily liable to plaintiffs; and (4) that the Orleans Levee Board and LIGA were not entitled to a statutory set off or credit. However, the court noted that the judgment, as it allocated fault among the parties was inconsistent insofar as it pertained to plaintiffs. The part of the judgment in favor of Kelly found Kelly to be 40% at fault, but assigned no fault to Perez and the part of the judgment in favor of Perez found Perez to be 40% at fault, but allocated no fault to Kelly. This court noted that it was clear from the record that Kelly contributed to Perez's injuries and vice versa. Thus, this court set aside the original judgment and remanded the case to the trial court for one allocation of fault between all the parties, Perez, Kelly, Boh Brothers Construction Company, Inc. (Boh Brothers), the Orleans Levee Board and the Orleans Sewerage and Water Board.
On remand the trial court entered a new judgment allocating fault as follows: Perez, 20%; Kelly, 20%; Boh Brothers, 10% and Orleans Levee Board and Orleans Sewerage & Water Board, individually, jointly and solidarily, 50%. It is from this judgment that the Orleans Levee Board and the Orleans Sewerage and Water Board appeal.
On appeal the Orleans Levee Board and Orleans Sewerage and Water Board each argue that the trial court erred in its fault apportionment by not finding that plaintiffs bore more of the fault for the accident and that fault, as between the Orleans Levee Board and the Orleans Sewerage and Water Board should have been individually allocated.
Plaintiffs, in separate briefs, argue that the trial judge's fault allocation is a factual finding that is not to be overturned absent a finding of manifest error and that the record supports the trial court's findings and evidences no manifest error. Actually, we find that the trial court's findings are well supported by the record as explained in his lengthy and thorough reasons for judgment. Plaintiffs further argue that the finding that the Orleans Levee Board and the Orleans Sewerage and Water Board are jointly and solidarily liable for plaintiffs' damages is Res Judicata, since it was affirmed on original hearing and writs were thereafter denied by the Louisiana Supreme Court.
There is no question that the trial court's allocation of fault among the parties presents a factual determination based in part on credibility determinations by the trial judge. Such a finding is not to be reversed on appeal absent a finding of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). Even if the court of appeal would have decided the case differently, had it been the original trier of fact, the trial court judgment should be affirmed unless it is found to be clearly wrong. Welch v. Winn-Dixie, 94-2331 (La.5/22/95), 655 So.2d 309. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony or the facts. Welch v. Winn-Dixie, supra; Stobart v. State of Louisiana Through Dept. of Transportation and Development, 617 So.2d 880 (La.1993).
In allocating fault among the parties involved, the court is to consider several factors, as set out in Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967 (La. 1985), quoting from Section 2(b) of the Uniform Comparative Fault Act and the Comments thereto:
In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed.
The court in Watson elaborated further stating:
In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence *467 or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties.
Watson, supra, at 974.
In the instant case, the trial court based its apportionment of fault on the Watson factors. Despite contradictory testimony, the trial judge expressly found that there was boat travel in the Seventeenth Street Canal, where this accident happened. Several witnesses, who were local residents of the area, testified to this. He further found that this activity was well known to all defendants. While there was minor conflict in the testimony, as emphasized by defendants, there was testimony indicating that defendants knew of the canal boat travel. In fact, there was testimony that it had been the topic of discussion during the bidding phase of the project, with Boh Brothers very concerned that the Orleans Levee Board and Orleans Sewerage and Water Board take steps to prevent all travel in the canal during the construction. The record indicates that the Orleans Levee Board and the Orleans Sewerage and Water Board took no steps to block canal travel and did little to warn of the danger except for newspaper notices and the distribution of leaflets on boats in the canal. The trial court further found that the Orleans Levee Board and the Orleans Sewerage and Water Board breached their duty in this regard in failing to warn of the danger and/or in failing to prevent travel in the canal to the construction site.
Testimony at trial also indicated that plaintiffs had been drinking on the day of the accident and were legally drunk at the time of the accident. It was dark at the time of the accident. Kelly testified that he saw the cable as he passed it, going up the canal. However, Perez could not remember any of the circumstances surrounding the accident because of the head injury he sustained. The trial court found it significant that the accident report officer, Officer Ladd, who was not intoxicated at the time of his investigation of the accident, testified that he did not see the cable going down into the water. The trial court noted that Boh Brothers had no lights on the barge or the cable. Again, although there was contradictory testimony, the trial court found that the accident was caused by the boat hitting the cable first and not the barge first. One expert testified that, if the boat had hit the barge first, there would have been a fatality. Further, absent any warning signs or blocking devices, plaintiffs had no way of knowing that the area around the barge was dangerous to passing boats. The trial court found that the proximate cause of the accident was the Orleans Levee Board's and the Orleans Sewerage and Water Board's failure to erect proper warning signs and/or erect a barricade to stop boat traffic in the canal where the work was being performed. The trial court found that these were reasonable precautions that could have been easily taken. The trial court allocated 20% of the fault to each plaintiff, 10% to Boh Brothers and 50% to the Orleans Levee Board and the Sewerage and Water Board, jointly and solidarily.
Based on our review, we find that the record supports the trial court's findings and coincident allocation of fault among the parties. We find no manifest error in these findings. Even if we determined that we would have decided the case differently had we been the original trier of fact, the reasonable evaluations of credibility and reasonable inferences of fact made by the trial judge should not be disturbed unless found to be manifestly erroneous. Therefore, the part of the judgment allocating fault among the parties is affirmed.
The Orleans Levee Board and the Orleans Sewerage and Water Board also argue that the trial court erred in not allocating fault between them. The Orleans Levee Board argues that, notwithstanding this court's affirmance in the first appeal of the trial court finding that the two defendants were jointly and solidarily liable as joint venturers, the *468 trial court should have nonetheless made individual determinations of fault between them. The Orleans Sewerage and Water Board argues that there was no joint venture.
We find that the Orleans Sewerage and Water Board's argument that the trial court erred in finding a joint venture between it and the Orleans Levee Board has no merit. The question of whether there was a joint venture, as acknowledged by the Orleans Levee Board, is Res Judicata. It was raised and considered in the original appeal. This court affirmed the trial court finding of a joint venture and the joint and solidary liability of the Orleans Levee Board and the Orleans Sewerage and Water Board to plaintiffs. Perez v. Boh Brothers Construction Co., Inc., 95-983 (La.App. 5th Cir. 5/15/96), 673 So.2d 1375. Writs were denied in that case by the Supreme Court. Perez v. Boh Brothers Construction Co., Inc., 96-1523 (La.9/20/96), 679 So.2d 444. Therefore, that part of the decision is final and shall not be again addressed herein.
The Orleans Levee Board's argument that fault should have nonetheless been apportioned between it and the Orleans Sewerage and Water Board also lacks merit.
The essential elements of a joint venture are generally the same as those of partnership, i.e. two or more parties combining their property, labor, skill, etc., in the conduct of the venture for joint profit or benefit, with each having some right of control, and thus, joint ventures are generally governed by the law of partnership. Cajun Elec. Power Co-op., Inc. v. McNamara, 452 So.2d 212 (La.App. 1st Cir.1984), writs denied, 458 So.2d 123 (La.1984). When two are more parties enter into an agreement which the law defines as a partnership or joint venture, it becomes a juridical entity, and liability of the parties is determined by the law relating to partnership, even if the parties had not thought of such consequences or even sought to avoid certain consequences of the relationship. Peterson v. BE & K Inc. of Alabama, 94-0005 (La.App. 1st Cir. 3/3/95), 652 So.2d 617.
La C.C. art. 2817 on the liability of a partnership and its partners provides:
A partnership as principal obligor is primarily liable for its debts. A partner is bound for his virile share of the debts of the partnership but may plead discussion of the assets of the partnership.
In this case, the trial court found that the Orleans Levee Board and the Orleans Sewerage and Water Board were joint venturers and, as such, were jointly and solidarily liable to plaintiffs. The Court of Appeal affirmed that ruling. Therefore, under La. C.C. art. 2817, which is applicable to these defendants as joint venturers and, absent any agreement to the contrary in the record, each party is liable for their virile share or equal portions. Thus, there was no need for the trial court to further apportion fault between these two defendants. Furthermore, upon finding that the Orleans Levee Board and the Orleans Sewerage and Water Board combined their resources in the conduct of the venture for joint profit or benefit, with each having some control, as the trial court did in finding that defendants were engaged in a joint venture, there is no reason to apportion liability in any manner other than equally.
Accordingly, for the reasons set out above, the judgment rendered by the trial court on remand is affirmed. The Orleans Levee Board and the Orleans Sewerage and Water Board are assessed the costs of appeal, jointly and solidarily.
AFFIRMED.