804 So.2d 853 (2001)
Edward GABRIEL, Jr., Individually and as Administrator of the Estate of his Minor Daughter, Raina Gabriel, Paulette Gabriel, Rosemary Jacques, Individually, and John Jacques, Individually
v.
Marlene J. HOBBS, Tonya Home, Larry Demyers, CNA Insurance Company, ABC Insurance Company, XYZ Insurance Company, and American National Insurance Company.
No. 2001-CA-0538.
Court of Appeal of Louisiana, Fourth Circuit.
December 19, 2001.
*854 H. Edward Sherman, New Orleans, LA, Counsel for Plaintiffs/Appellees.
Jimmy A. Castex, Jr., Gerald A. Melchiode, Galloway, Johnson, Tompkins, Burr & Smith, New Orleans, LA, Counsel for Defendant/Appellant.
Court composed of Judge STEVEN R. PLOTKIN, Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY.
MICHAEL E. KIRBY, Judge.
Defendants/Appellants appeal the denial of the Exceptions of Lack of Personal Jurisdiction and of Venue.

STATEMENT OF THE FACTS
Plaintiffs are related to the defendants. On June 8, 1999, they decided in Louisiana to go in two separate vehicles to vacation in Florida. On the way a motor vehicle accident occurred in Mississippi. The second vehicle, a Ford Bronco owned by Marlene Hobbs, appellant, and operated by Tjyna Home, appellant, experienced a blow-out of the left-rear tire, causing the driver to lose control. The vehicle rolled on its side and struck a tree. Plaintiffs occupied the Bronco and were injured due to this accident. No other vehicle was involved in the accident that caused the injuries.
At the time of the accident, Marlene Hobbs and Tjyna Horne were citizens of New Mexico. They did not reside in Louisiana. Subsequently, Marlene Hobbs moved to Georgia. Continental provided automobile liability coverage to Hobbs and Home.
Subsequent to the accident, plaintiffs filed suit in Orleans Parish, the parish of their domicile. Named defendants to the suit were Continental, Hobbs, Home, Larry DeMyers and American National Insurance Company. Larry DeMyers was operating the lead vehicle that was heading to Florida. His vehicle was not involved in the accident. American National was the underinsured/uninsured motorist carrier for plaintiffs. Continental, Hobbs and Home ("Appellants") objected to plaintiffs' petition for several reasons, including lack of personal jurisdiction and improper venue. American National also objected to venue.
Generally, plaintiffs have alleged that Ms. Home is liable to them for their injuries for "traveling at an excessive rate of speed under prevailing weather conditions, and failing to maintain control of her vehicle." Plaintiffs have also alleged that Ms. Hobbs is liable because she "fail[ed] to maintain the condition of her tires and vehicle in a safe condition; and [that she] fail[ed] to exercise independent judgment and instruct her daughter, Tjyna Horne, to slow down under poor driving conditions." Plaintiffs also alleged that Ms. Hobbs may be strictly liable for the accident because of the condition of her tires, which were alleged to be dry-rotted.
Plaintiffs/Appellees claim that because the plans to go vacation in Florida were made in Louisiana, and because the two vehicles were traveling together, this constituted a "joint venture." They base personal jurisdiction on the theory that this was a joint venture planned in Louisiana.
The trial court heard appellants' exceptions of improper venue and lack of personal jurisdiction, and gave written reasons as to why he denied the exceptions. *855 Upon review however, we find that these acts fall outside the ambit of a "joint venture" and are hard-pressed to view a tire blow-out as "joint concerted activity." Therefore, we reverse and grant the exceptions of improper venue and lack of personal jurisdiction.

STATEMENT OF THE LAW
Plaintiffs make two arguments in favor of jurisdiction and venue: first, that this was a joint venture; and second, that this was concerted tortious activity.
If the parties were involved in a joint venture in Louisiana, then all joint venturers would be subject to personal jurisdiction in Louisiana. The reason being that:
When two are more parties enter into an agreement which the law defines as a partnership or joint venture, it becomes a juridical entity, and liability of the parties is determined by the law relating to partnership, even if the parties had not thought of such consequences or even sought to avoid certain consequences of the relationship. Peterson v. BE & K Inc. of Alabama, 94-0005 (La. App. 1st Cir.3/3/95), 652 So.2d 617.
Kelly v. Boh Bros.Construction Co., Inc. 96-1051 (La.App. 5 Cir. 4/9/97) 694 So.2d 463, 468.
Moreover, Larry DeMyers, as a joint venturer, would be vicariously liable for the torts of other members of the joint venture. And because Larry DeMyers is a resident of Louisiana, naming him as a co-defendantwhich is what plaintiffs didwould tend to grant venue in Louisiana.
To analyze whether this vacation trip was a joint venture, we must first look at the definition of joint venture. In Kelly v. Boh Bros.Construction Co., Inc. 96-1051 (La.App. 5 Cir. 4/9/97) 694 So.2d 463 our brethren state:
The essential elements of a joint venture are generally the same as those of partnership, i.e. two or more parties combining their property, labor, skill, etc., in the conduct of the venture for joint profit or benefit, with each having some right of control, and thus, joint ventures are generally governed by the law of partnership. Cajun Elec. Power Co-op., Inc. v. McNamara, 452 So.2d 212 (La.App. 1st Cir.1984).
Kelly, supra, at 468.
We would add to this check-list of the essence of a joint venture that generally, a joint venture is for pecuniary gain.
Here we have a group of family members deciding to go on vacation to Florida in two vehicles. The requisite of two or more persons is met. The plaintiffs argue traveling in two vehicles is a combination of property for the benefit of a vacation in Florida. We find two distinct vehicles going to a common vacation destination not to be a combination of property. Moreover, the object is not for any pecuniary gain, and the benefit is not shared or allocated in the way that the benefit in a joint venture would be.
As concerns the Plaintiffs' argument that there was concerted tortious activity, we must analyze the cause of the accident to determine its plausibility. Plaintiffs argue that because the second vehicle was following the first vehicle, this was a concerted act. We do not accept this argument because it is a non sequitur. The cause of the accident is due to the second car's tire blow-out in bad weather conditions. We do not view a tire blow-out and loss of control of a vehicle that runs off the road as "concerted activity," because it could occur just as easily without following any other vehicle.
*856 Finally, the acts that constitute the alleged negligent conduct occurred in Mississippi, which is also where the accident occurred. With respect to the claims against Hobbs concerning the condition of her vehicle and tire, those acts occurred in New Mexico, which is where she resided and possessed the vehicle prior to the accident. As such, all acts and omissions alleged to have been perpetrated by Horne and Hobbs occurred outside Louisiana. Because none of the actions that allegedly caused plaintiffs' injuries and damages occurred in Louisiana we find that even if there were jurisdiction, there would be no venue in Louisiana.
For the aforementioned reasons, we reverse and grant the defendants' exceptions of jurisdiction and venue.
REVERSED.