819 So.2d 375 (2002)
Rebecca F. ESTAIN, on Her Own Behalf and as Tutrix for Toni LAVOICE, Revia Lenora, and Roody Joshua Estain
v.
UNITED STATES, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, State of Louisiana, ABC Agency and DEF Agency.
No. 2001 CA 0554.
Court of Appeal of Louisiana, First Circuit.
May 10, 2002.
Rehearing Denied July 1, 2002.
*376 Gregory S. Duhy, Chalmette, Counsel for Plaintiffs/Appellants Rebecca F. Estain, Toni Lavoice, Revia Lenora & Roody Joshua Estain.
G.A. Manthey, Jr., New Orleans, Counsel for Defendant/Appellee Louisiana Department of Transportation and Development.
Before: WHIPPLE, FOGG, and GUIDRY, JJ.
GUIDRY, J.
A widow, who filed suit individually and as tutrix of her minor children, appeals the trial court's granting of summary judgment in favor of the State of Louisiana, through the Department of Transportation and Development (DOTD). For the following reasons, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
This matter comes before us on a motion for summary judgment in which no evidence was introduced. Hence, the record before us, in regard to the motion for summary judgment,[1] consists solely of the pleadings and arguments of the parties, and the actions of the trial court. From this record, we are able to deduce the following facts. On the night of February 7, 1991, the decedent, Lavoice Jody Estain, *377 Sr., was returning to his home on Irish Bayou by boat. On failing to arrive home, a search was made for the decedent. The boat operated by the decedent was found the following day partially submerged in the waters near the outside, right fender or apron of the Interstate 10 bridge that crosses Lake Ponchatrain. Approximately two weeks later, the body of the decedent was found near the Riggoles Bridge.
On February 7, 1992, Rebecca Estain, the widow of Lavoice Jody Estain, Sr., filed suit, individually and on behalf of her three minor children, against the United States, DOTD, and their respective insurers. DOTD answered the suit, generally denying liability and alleging the contributory negligence of the decedent as the sole cause of his death. DOTD subsequently filed a motion to strike those portions of the petition demanding a trial by jury, which motion was granted by a consent judgment rendered September 10, 1992. The plaintiffs then amended their petition to challenge the constitutionality of La. R.S. 9:2800 and named Richard Ieyoub, the state attorney general, as a defendant in their suit. The attorney general filed exceptions raising the objections of improper joinder of parties and no cause of action. The exceptions were sustained by the trial court in a judgment signed on July 1, 1997. Thereafter, DOTD filed a motion for summary judgment alleging that the negligence of the decedent was the sole proximate cause of the accident, or at a minimum, a superceding and intervening cause of the accident. A hearing on the motion was originally scheduled for August 15, 2000; however, DOTD moved that the hearing be continued to October 30, 2000 in order to obtain additional discovery. The trial court granted the motion and the hearing was continued to the date requested.
Neither the plaintiffs nor counsel for the plaintiffs appeared at the October 30, 2000 hearing on the motion for summary judgment, and no opposition to the motion was filed by the plaintiffs. At the hearing, on being apprised that there was no opposition to the motion, the trial court granted summary judgment in favor of DOTD. A written judgment to this effect was signed by the trial court on November 3, 2000. The plaintiffs filed a motion for new trial which was denied by the trial court. A motion for devolutive appeal to this court followed.

DISCUSSION
On appeal, summary judgments are reviewed de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Brumfield v. Gafford, 99-1712, p. 3 (La.App. 1st Cir.9/22/00), 768 So.2d 223, 225. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Ferguson v. Plummer's Towing & Recovery Inc., 98-2894, pp. 3-4 (La.App. 1st Cir.2/18/00), 753 So.2d 398, 400.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. Naquin v. Louisiana Power & Light Company, 98-2270, p. 4 (La.App. 1st Cir.3/31/00), 768 So.2d 605, 607, writ denied, 00-1741 (La.9/15/00), 769 So.2d 546. The summary judgment *378 procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2).
The burden of proof is on the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to provide factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
In the case before us, DOTD, in moving for summary judgment, does not point out the absence of factual support for any of the plaintiffs' claims; rather it further alleges that it cannot be liable simply because the decedent drove his boat into the bridge. Although this is the basis of the plaintiffs' claim, they also assert that the reason for the collision was due to the negligent acts and/or omissions of DOTD in failing to place proper warning lights and/or signals on the appurtenances to the bridge. The mere fact that the bridge was constructed and situated in its present location for over thirty years is insufficient to absolve DOTD from liability, since the plaintiffs' allegations state that the accident occurred at night and imply that the portion of the bridge with which the decedent collided was not obvious nor was the danger reasonably discoverable. See Faucheaux v. Terrebonne Consolidated Government, 615 So.2d 289 (La.1993); Kelly v. Boh Brothers Construction Company, Inc., 96-1051 (La.App. 5th Cir.4/9/97), 694 So.2d 463, writs denied, 97-1226, 97-1249 (La.9/5/97), 700 So.2d 507, 509; Price v. Exxon Corporation, 95-0392 (La.App. 1st Cir.11/9/95), 664 So.2d 1273.
On the record before us, we find several genuine issues of material fact that should have precluded the grant of summary judgment in favor of DOTD; the most noteworthy is whether the alleged lack of warning devices on the bridge appurtenances contributed to the decedent's accident. No evidence was introduced at the hearing on this matter or attached to DOTD's motion to conclusively negate this claim. Further, it is obvious from reading the judgment rendered ("Considering the motion, pleadings of record, discovery time and argument of counsel....") and the brief transcript of the hearing on the motion ("Since nobody is objecting, motion is granted."), that the trial court erred in granting the motion.
Instead of finding that there were no genuine issues of material fact and the mover was entitled to judgment as a matter of law, the trial court essentially granted the DOTD a default judgment in light of the plaintiffs' failure to oppose the motion. This is clearly contrary to the law of summary judgment. The law is well settled that in the case of summary judgment, the record as a whole must show that all critical elements of the opposing party's case have been put to rest, regardless of whether the opposing party filed counter affidavits. This is because the burden of proof is on the mover to present a prima facie case; the opponent has to prove nothing if a prima facie case is not made. Charleston v. Berry, 97-2527, p. 5 (La.App. 1st Cir.12/28/98), 723 So.2d 1069, 1072-1073.

CONCLUSION
Considering DOTD's failure to present a prima facie case negating the claims of the *379 plaintiffs, we reverse the judgment of the trial court granting summary judgment in favor of DOTD and remand this matter for further proceedings consistent with this opinion. Costs of this matter, in the amount of $555.00, are assessed to DOTD accordingly.
REVERSED AND REMANDED.
FOGG, J., concurs and assigns reasons.
WHIPPLE, J., concurs for the reasons assigned by FOGG, J.
FOGG, J., Concurring.
I respectfully concur. In addition to the reasons set forth in the majority opinion, I believe summary judgment is inappropriate because DOTD failed to show that, as a matter of law, it did not breach its duty to erect and maintain a safe bridge. Generally, the issue of whether a breach of duty occurred turns on a factual determination of whether the defendant failed to exercise reasonable care under the circumstances. Summary judgment is proper when reasonable minds could not differ as to whether a defendant breached the duty to act reasonably. Tucker v. American States Ins., 31,970 (La.App. 2 Cir. 9/22/99), 747 So.2d 620. Herein, reasonable minds could differ as to whether DOTD breached the duty to act reasonably under the circumstances. Therefore, summary judgment was improper.
NOTES
[1] In conjunction with the motion for new trial filed by the plaintiffs, they attached copies of their answers to interrogatories propounded by the DOTD. This evidence was not before the trial court at the time the motion for summary judgment was granted.