316 So.2d 474 (1975)
Betty Overstreet SPELL
v.
EXECUTIVE OFFICERS, DIRECTORS AND/OR SHAREHOLDERS OF P & W INDUSTRIES, INC., et al.
No. 10368.
Court of Appeal of Louisiana, First Circuit.
June 30, 1975.
Rehearing Denied August 26, 1975.
Writ Refused October 24, 1975.
J. Lynn Ponder, Amite, for appellant.
Tom H. Matheny, Hammond, for appellees.
*475 Before SARTAIN, ELLIS and BARNETTE, JJ.
ELLIS, Judge.
This is a suit by Betty Overstreet Spell, individually and on behalf of her minor children, for damages arising out of the wrongful death of her husband, Douglas Allen Spell, Sr. Named as defendants are the Executive Officers, Directors and/or Shareholders of P & W Industries, Inc., and Hartford Accident and Indemnity Company, their liability insurer. None of the officers, directors, or shareholders are identified by name. Other defendants named were neither cited nor served with process and are not parties to this aspect of the case. No service of process was made on any of the officers, directors or shareholders of P & W Industries, Inc., although Hartford has filed all of its pleadings on their behalf as well as its own.
The petition reveals that the decedent was an employee of P & W Industries, Inc., and that he was killed in the course and scope of his employment while operating a "cherry picker". It is alleged that decedent was loading a tank when a cable holding it snapped. When the tank fell, a pipe extending out from the end of it struck Mr. Spell and killed him. Articles VI and VII of the petition read as follows:

VI
"That the snapping of the cable on the `cherry picker' machine and the resulting death of your petitioner's husband was caused by the fault and negligence of the defendants, the executive officers, directors, and shareholders of P & W Industries, and Coast Metal Processors, Inc. and its executive officers, directors, and/or shareholders and Golden and Schwartz, Inc. and its executive officers, directors and/or shareholders, in failing to equip the `cherry picker' machine with the proper safety devices and in negligently employing defective and worn machinery and in negligently activating the said `cherry picker'."

VII
"In the alternative, your petitioner shows that the death of her husband was caused by acts of negligence, the specific nature which is unknown to your petitioner, but which is peculiarly within the knowledge of the defendants herein, their agents and employees, and that your petitioner is entitled to the benefit of the doctrine of res ipsa loquitur."
To the petition, defendants filed a dilatory exception of vagueness and a peremptory exception of no cause and no right of action.
After trial of the exceptions, the trial judge sustained the exception of no cause of action, and judgment was signed reading as follows:
"It is ordered, adjudged, and decreed, that the Exception of No Cause and No Right of Action be and it is hereby sustained and plaintiff's suit is hereby dismissed as to Exceptor, Executive Officers, Directors, and/or Shareholders of P and W Industries, Inc., and the Hartford Accident and Indemnity Company."
From that judgment, plaintiff has appealed.
It is the defendants' position that the petition fails to allege a cause of action because it does not in a number of respects meet the requirements for liability of an executive officer as set forth in Canter v. Koehring Company, 283 So.2d 716 (La. 1973). They point out that plaintiff failed to name any specific defendant; failed to allege the existence of a duty of care owed the plaintiff; and failed to allege a breach of duty.
*476 Under Article 891 of the Code of Civil Procedure, the plaintiff is required to identify all parties to the suit by name. However, the failure to do so is a defect of form, which should be raised by the dilatory exception. Article 926, Code of Civil Procedure.
The existence of a duty is a question of law rather than fact. Under our fact pleading system, it is not necessary to allege conclusions of law. What plaintiff has alleged is that the defendants failed to furnish the decedent a safe place to work and employed defective and worn machinery. We think these allegations of fact, although minimal, are sufficient to support a cause of action, and that the trial judge should not have maintained the exception of no cause of action. In any event, the judge is required by Article 934 of the Code of Civil Procedure to order the pleadings amended to remove the grounds for the objection, if possible. The judgment in this case failed to afford plaintiff this opportunity.
It is obvious that the petition is vague, in its failure to identify the parties defendant by name, and to allege with greater particularity the circumstances of the accident and the facts upon which the alleged liability of the defendants is based. It would be impossible for any defendant to plead to the petition until made aware of his identity and of the specific act of negligence relied on by plaintiff. We will therefore sustain the exception of vagueness filed by defendants, and order that the petition be properly amended in the above respects. Article 933, Code of Civil Procedure.
The judgment appealed from is therefore reversed and set aside and there will be judgment in favor of plaintiff herein overruling the exceptions of no cause and right of action filed by the defendant. Further, there will be judgment in favor of defendants and against plaintiff, sustaining the exception of vagueness, and granting unto plaintiff a period of fifteen days from the date that this judgment becomes final to amend her petition in the respects herein above set forth, and, upon her failure to do so within the said delay, her suit will be dismissed with prejudice as to Hartford Accident and Indemnity Company and the Executive Officers, Directors, and/or Shareholders of P & W Industries, Inc.
Costs of this appeal shall be borne equally by the plaintiff and the said defendants, with all other costs to await the final determination of this suit on its merits.
Reversed and remanded.