PETERS, Judge ad hoc.
This is a class action suit brought by William Henry Sanders as representative of all Users of Hemps Creek. Although the caption to the suit lists as a defendant only “Polluters of Hemps Creek,” the body of the petition names as defendants the Town of Jena, LaSalle Sewerage District No. 1, Jena Sewerage District No. 1, and LaSalle Wire and Cable Company. Sanders alleges defendants are guilty of polluting Hemps Creek and asks for an injunction ordering defendants to cease the pollution.
Perhaps realizing that he might not be allowed to proceed as representative of a class, Sanders sets forth another demand in the alternative. In this part of the petition he alleges he is the owner of land through which Hemps Creek passes. As a landowner, he asks for an injunction and also asks for damages which he has allegedly sustained as a result of the pollution.
Three of the defendants — Town of Jena, LaSalle Sewerage District No. 1, and Jena Sewerage District No. 1 — filed exceptions of insufficiency of citation, insufficiency of service of process, prematurity, nonconformity of the petition with the requirements of LSA-C.C.P. Art. 891, improper cumulation of actions, and non-join- *363 der of necessary parties. The lower court rendered judgment on four of these exceptions. This judgment maintained the decli-natory exceptions of insufficiency of citation and of service of process and maintained the dilatory exceptions of non-conformity of the petition with the requirements of C.C.P. Art. 891 and non-joinder of necessary parties. The court expressly made no rulings on the dilatory exceptions of prematurity and improper cumulation of actions. The court dismissed the suit and Sanders appealed.
I. Non-Conformity of the Petition with the Requirements of LSA-C.C.P. Art. 891.
Article 891 of our Code of Civil Procedure requires, among other things, that the petition meet the requirements of Article 853 of the Code. One of the requirements of Article 853 is that “The title of the action shall state the name of the first party on each side with an appropriate indication of other parties.” Sanders’ petition obviously did not meet this requirement, for neither the names of any plaintiffs nor the names of any of the four defendants appeared in the caption. We therefore affirm the lower court judgment insofar as it maintained the exception of non-conformity of the petition with the requirements of LSA-C.C.P. Art. 891. However, we cannot affirm the lower court’s dismissal of the suit. LSA-C.C.P. Art. 933 states that when the dilatory exception is sustained and the grounds for objection may be removed by amendment of the petition, the court shall order such amendment.
II. Insufficiency of Citation and Insufficiency of Service of Process.
The basis for both these exceptions is LSA-C.C.P. Article 1202, which sets forth the requirements of a valid citation, particularly that the citation must contain the “title of the cause.” Defendants argue because the title is defective (see exception of non-conformity discussed above) the citation is tainted with this defect. We cannot accept this argument. While the title of the suit is indeed defective, it nevertheless is the “title of the cause” until such time as it is amended. The citation in the instant suit does therefore contain the “title of the cause”; hence, there was no defect in the citation or the service of process. We therefore reverse the lower court judgment insofar as it sustained the exceptions of insufficiency of citation and service of process.
III. Non-Joinder of Necessary Parties.
Defendants used the dilatory exception of non-joinder of necessary parties to attack Sanders’ use of a class action. Such an exception is not the proper procedural vehicle to challenge the use of a class action. In Stevens v. Board of Trustees of Police Pension Fund, 309 So. 2d 144 (La.1975), our Supreme Court held that a peremptory exception to the use of a class action was the proper means to urge improper use of a class action. The lower court was in error in maintaining the exception of non-joinder of necessary parties. A class action may only be used if the members of the class are so numerous that it is impracticable to join them all as parties. In a class action, there is no need to join all parties who might otherwise be j oined as' necessary parties, but they are bound by the judgment of the court if they are members of the class. LSA-C.C.P. Art. 597. An exception of non-joinder of necessary parties therefore cannot be sustained when the alleged necessary parties are members of a class in a class action suit. We therefore reverse the judgment of the lower court insofar as it maintained the dilatory exception of non-joinder of necessary parties.
We must remand this suit to the district court. Plaintiff should be . allowed to amend his petition to make it conform with the requirements of LSA-C.C.P. Art. 853.
If defendants wish to object to the use of a class action in the instant suit, they should file a peremptory exception to the use of a class action in the lower court on remand. Should such exception be filed, *364 the lower court should consider it in light of the clarified guidelines in determining when the use of a class action is proper as set forth by the Supreme Court in Stevens, supra.
In oral argument before this court it was questioned whether Sanders should be allowed to amend his petition if he is not allowed to proceed with a class action. This question is not before this court at this time, but it would seem logical, in view of the extensive record in this case, that plaintiffs will find it easier and simpler to commence a new action should the class action be successfully opposed.
For the reasons assigned, the judgment of the lower court is affirmed in part and reversed in part and remanded for further proceedings. All costs of this appeal are assessed against defendants-appellants.
Affirmed in part, reversed in part, and remanded.