374 So.2d 703 (1979)
TOWN OF GRAND ISLE
v.
DYNAMIC CONSTRUCTORS, INC.
No. 12716.
Court of Appeal of Louisiana, First Circuit.
July 16, 1979.
Rehearing Denied September 27, 1979.
F. L. Morris, Metairie, for plaintiff-appellant Town of Grand Isle.
Michael V. Clegg, E. Wade Shows, Baton Rouge, for defendant-appellee Dynamic Constructors, Inc.
Victor A. Marsiglia, Jr., Metairie, for defendant Delco Corp.
Before ELLIS, LOTTINGER and LEAR, JJ.
ELLIS, Judge:
The Town of Grand Isle originally brought this suit, entitled "Petition in Suit on Open Account" against Dynamic Constructors, Inc. To the petition, Dynamic filed a peremptory exception of prescription, alleging that the action was prescribed on the face of the petition. Plaintiff then amended its petition to read as follows:

"PETITION IN SUIT FOR BREACH OF CONTRACT
"The petition of the TOWN OF GRAND ISLE in the Parish of Jefferson, State of Louisiana, respectfully shows that:

I.
"DYNAMIC CONSTRUCTORS, INC., domiciled in the Parish of East Baton Rouge, State of Louisiana, and Delco Corporation, domiciled in the Parish of Jefferson, State of Louisiana are indebted to petitioner jointly, severally and in solido in the amount of Thirty-Four Thousand, Fifty-Seven and 50/100 ($34,057.50) Dollars, plus legal interest from November 11, 1973, until paid, and for all costs of this suit, for this reason:

IA.
"An oral agreement existed between your petitioner, Town of Grand Isle, and defendant, Dynamic Constructors, Inc. Such agreement was of the effect that petitioner would furnish water and gas services to the development of the Grand Beach area, owned by defendant. These services were to be rendered, as duly performed by petitioner, until the property was sold at which time the new owners would seek these services from petitioner.

IB.
"The same oral agreement as outlined in IA above, also existed between your petitioner, Town of Grand Isle, and the defendant, Delco Corporation.

*704 IC.
"Defendant, Delco Corporation, joined the venture of the development of Grand Beach area with defendant owner, Dynamic Constructors, Inc., in the capacity of selling agent and as such, the delinquent charges for the services herein complained were also made in the name of Delco Corporation.

II.
"Petitioner has furnished installation and services of water and gas to said defendant in the development of the Grand Beach area for which petitioner has not received payment. On September 13, 1976 petitioner made demand upon DYNAMIC CONSTRUCTORS, INC. to pay the amount of Thirty-Four Thousand, Fifty-Seven and 50/100 ($34,057.50) Dollars for services rendered to them but as yet have not received said payment.
"Amicable demand for said sum has also been made on defendant, Delco Corporation, but to no avail.

III.
"Petitioner sold and delivered to defendant the merchandise described on the itemized account attached hereto, on the dates mentioned and at the prices and terms set forth.
"Petitioners avers that the defendants, Dynamic Constructors, Inc. and Delco Corporation, are jointly, severally and in solido liable for the relief prayed for in the original petition.
"WHEREFORE, petitioner prays that after due proceedings there be judgment herein in favor of petitioner, the TOWN OF GRAND ISLE, and against defendant, DYNAMIC CONSTRUCTORS, INC., in the full sum of Thirty-Four Thousand Fifty-Seven and 50/100 ($34,057.50) Dollars with legal interest from November 11, 1973 until paid; and for all costs of this suit.
"WHEREFORE, petitioner, reiterating the prayer of the original petition as though set forth at length herein, prays that the original petition as amended and supplemented, be here amended and supplemented in the above particulars and that, after due proceedings had, there be judgment herein in favor of the petitioner, Town of Grand Isle, and against the defendants, Dynamic Constructors, Inc. and Delco Corporation, as originally prayed for herein."
The materials attached to the petition appear to be journal entries of some sort, and are largely illegible. The only testimony in the record is that of the president of Dynamic, who stated that he knew of no contract with the Town of Grand Isle. The district judge held as follows:
"This Court is of the opinion that the plaintiff herein seeks to assert a suit on open account, as evidenced by the allegations and prayer of plaintiff's petition. For that reason, this suit is prescribed on the face of the pleadings since it was filed more than three years since the defendant received services or paid on the account. Nor has the Town of Grand Isle proved that there has been an account acknowledged in writing or a note or bond given on the account.
"The exception of prescription filed by Dynamic Constructors, Inc., is sustained and this suit is dismissed at plaintiff's costs."
Our review of the record reveals no allegations or evidence to indicate when the installation was made or the services rendered. The only date mentioned is that from which plaintiff alleges that interest is to run. The trial judge was therefore not in a position to draw the conclusion that the suit was prescribed, either on its face or based on the evidence. It is, of course, incumbent on the exceptor to prove the facts necessary for the validity of the exception.
We note that defendant, Delco Corporation, has filed a peremptory exception of prescription in this court. Delco is not party to the judgment appealed from, and is, therefore, not properly before this court.
*705 The judgment appealed from is therefore reversed and set aside, and the case remanded to the trial court for further proceedings in accordance with law. Defendant is to pay all costs of this appeal, with all other costs to await final disposition of the case on its merits.
REVERSED AND REMANDED.