723 So.2d 1069 (1998)
Carolyn CHARLESTON, Individually and on Behalf of Her Minor Child, Christopher Charleston
v.
Gloria BERRY, Earl Hutchison, John Joe I, John Doe II, and the City of Hammond, LA.
No. 97 CA 2527.
Court of Appeal of Louisiana, First Circuit.
December 28, 1998.
*1071 Otha Curtis Nelson, Sr., Baton Rouge, for Plaintiff-Appellant.
Joseph L. Spilman, III, Metairie, for City Marshal's Office, City of Hammond, Defendant-Appellee.
Scott O. Gaspard, Mandeville, for City of Hammond Defendant-Appellee.
BEFORE: SHORTESS, C.J., CARTER and WHIPPLE, JJ.
SHORTESS, C.J.
Carolyn Charleston (plaintiff) filed suit individually and on behalf of her minor child, Christopher Charieston, against Gloria Berry; Earl Hutchison, "the City Marshal of Ward Seven, City of Hammond"; two unnamed Hammond city police officers; and the City of Hammond. She alleged that on May 22, 1995, Berry attacked her in a courtroom in Hammond City Court, that Hutchison grabbed her and flung her against a wall, that the two city police officers pinned her to the wall and elbowed her, that the attack by Berry and Hutchison and the officers' excessive force caused her to deliver her son Christopher prematurely, and that Christopher has myriad medical problems caused by the premature delivery.
Plaintiff was originally represented by Steve Young, I. Young did not know the names of the police officers involved in the fracas at the time he filed the suit in May 1996. Correspondence in June and July between Young and counsel for the City and the City Marshal's office (the Marshal) evidenced Young's intent to amend the pleading as soon as he could ascertain the officers' identities. Young granted the defendants an extension of time to answer the suit until after he amended the pleadings. In July Young wrote that he had obtained reports from the police department, but they did not name the officers involved.
In September counsel for the City wrote Young and stated he was going to move to have the suit dismissed if Young did not amend the pleadings within forty-five days. Young replied in November, explaining in a lengthy letter that he had not amended the pleadings because he had developed medical problems in June that had worsened. He told defense counsel he had not told them about the problems earlier because he was certain his doctors would release him on November 20, but on that visit he was placed under even more restrictions. His letter concluded, "Please accept my apology for not having been able to file the promised amendment in a timely manner, but I will do so as soon as I am released to return to my regular office duties."
On January 15, 1997, the City filed the dilatory exceptions of vagueness, lack of procedural capacity, and nonconformity of the petition with article 891, and the peremptory exceptions of nonjoinder of an indispensable party and no cause of action. On the same date, the Marshal filed declinatory exceptions of insufficiency of citation and insufficiency of service of process, dilatory exceptions of lack of procedural capacity and nonconformity of the petition with the requirements of Louisiana Code of Civil Procedure article 891, peremptory exceptions of no cause of action, no right of action, and prescription, and a motion for summary judgment. The motion and all the exceptions were set for hearing on February 10, 1997.
According to plaintiff's motion to substitute counsel, Young needed emergency treatment for his medical problems on February 10. Plaintiff states in her application for new trial that Young instructed his secretary to call the district court and advise the court Young was at the emergency room and could not attend the hearing, that he was too ill to prepare a written motion to continue, and that Otha Curtis Nelson would be enrolling as plaintiff's counsel at some later date. He *1072 also asked his secretary to call plaintiff and tell her not to attend the hearing.
Apparently there was a miscommunication between Young's secretary and the court. The case was called, and when no one answered the docket on behalf of plaintiff, the trial court granted, by default, the Marshal's motion and all the City's and the Marshal's exceptions. On February 21 a judgment was signed dismissing plaintiff's entire suit with prejudice. The judgment stated that the matter had come on for hearing on "John Doe I, John Doe II and The City of Hammond's" exceptions, and that the exceptions were granted. On March 4 a second judgment was signed. This judgment also dismissed plaintiff's entire case with prejudice. It listed all the exceptions filed on behalf of the City and the Marshal except the City's exception of no cause and sustained all the listed exceptions. It also granted the Marshal's motion for summary judgment.
On February 19, Nelson was substituted as plaintiff's counsel. He moved for a new trial on several grounds, including: 1) Young's emergency medical problem had prevented him from appearing at the hearing; 2) the court failed to order amendment of the petition within a reasonable time after sustaining the exceptions pursuant to Code of Civil Procedure articles 932 through 934; and 3) the court erred in dismissing the suit as to Berry, when Berry had not moved to have the case against her dismissed. The Marshal then moved for sanctions against plaintiff under Code of Civil Procedure article 863 for filing a frivolous motion for new trial.
At the hearing on the motion for new trial, plaintiff called Young to testify. The Marshal's counsel objected, stating, "[T]here's no possible relevance to Mr. Young's testimony....There is nothing that can be served by this testimony, other than an additional waste of time ...." The Marshal stipulated Young would testify in accordance with his affidavit that explained his recurring eye problems but not the events of February 10; he was not permitted to testify. Plaintiff herself also attempted to testify, but the Marshal's counsel again objected to the testimony as irrelevant. The court sustained the objection, stating, "I don't think she can bring anything to the picture ... and so, I don't think it would be proper at this point. She had her day to testify and she chose for whatever reason not to." The court then denied the motion for new trial and granted the motion for sanctions, assessing sanctions of $5,000.00 against plaintiff.
Plaintiff appealed the judgments sustaining the exceptions and granting the motion, as well as the judgment denying the motion for new trial and granting the motion for sanctions. The Marshal then answered the appeal, requesting damages be assessed against plaintiff and her counsel under Code of Civil Procedure article 2164 for filing a frivolous appeal.
Plaintiff contends the trial court erred in sustaining the exceptions and granting the motion for summary judgment. The merits of the exceptions and the motion were never orally argued by counsel or discussed by the trial judge. At the hearing on the motion for new trial, defense counsel's argument was cut short by the trial judge, who stated:
I've listened to the arguments of counsel and this is what I was faced on the day of the rule, these gentlemen were here, ready to go, I was here ready to go, everybody was here ready to go, but Ms. Charleston. We didn't hear from her, we didn't hear, I didn't get a phone call, there was nobody here, my practice is to have the Bailiff, three times in the courtroom call her name out and three times outside. I checked with Ms. Cynthia to assure that there was proper service, there was that. That was her day in court. We can't do any more than that.
The court then denied the motion for new trial, took the Marshal's motion for sanctions under advisement, and later signed a judgment in favor of the Marshal, assessing sanctions of $5,000.00 against plaintiff.
Could the trial court grant the City's and the Marshal's exceptions and motion by default simply because plaintiff and her counsel did not appear? We think not. The law is well settled that in the case of summary judgment, the record as a whole must show that all critical elements of the opposing party's case have been put to rest, regardless of *1073 whether the opposing party filed counter affidavits.[1] This is because the burden of proof is on the mover to present a prima facie case; the opponent has to prove nothing if a prima facie case is not made.
Similarly, in the case of exceptions, the burden is on the exceptor to prove the facts necessary to sustain the exception.[2] Even if the opponent files no opposition, an exception should not be sustained if the exceptor does not show the exception has merit. Since the trial court did not consider the merits of the exceptions or motion in this case, we must consider the merits of each of them to determine whether they were improvidently granted, as plaintiff contends.

EXCEPTION OF PRESCRIPTION
The Marshal filed an exception of prescription, alleging plaintiff's suit was filed May 23, 1996, more than one year after the May 22, 1995, incident. Attached to the Marshal's exception was a photocopy of the petition showing a handwritten filing date of May 23, 1996. The original petition, however, shows a handwritten date of May 22, 1996, as well as a file stamp on the right side of the first page indicating the petition was filed May 22, 1996, at 3:47 p .m. The original petition in the record of course must prevail over a dissimilar photocopy. The May 22 filing was timely. The trial court committed legal error in granting the exception of prescription.

EXCEPTION OF NONJOINDER OF INDISPENSABLE PARTY
The City moved to dismiss plaintiff's suit on the ground that the two unnamed police officers were indispensable parties without whom no complete and equitable adjudication of the controversy could be made. 1995 amendments to the Code of Civil Procedure did away with the classification "indispensable party."[3] Now, a person shall be joined as a party when in his absence complete relief cannot be accorded among those already parties or adjudication without the absent party may impair his ability to protect his interest in the subject matter of the litigation or leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.[4] If the absent party cannot be joined, the trial court must then decide whether to dismiss the suit or proceed with the litigation without him.[5]
An employer is solidarily liable with its employee for the employee's tortious acts.[6] Civil Code article 643 provides that one or more solidary obligors may be sued to enforce a solidary obligation without the necessity of joining all others in the action. Therefore, the exception of nonjoinder should not have been granted, and that portion of the judgment must be reversed.

THE CITY'S EXCEPTIONS OF VAGUENESS AND NONCONFORMITY WITH ARTICLE 891
The City also excepted to the petition for vagueness and for nonconformity with article 891 because it listed the two Hammond City Police officers involved as "John Joe I" and "John Doe II." Article 891(A) requires the petition to set forth the "name, surname, and domicile of the parties." This defect in form is properly raised by dilatory exception.[7]
Although plaintiff was not required to name the officers as defendants, since she chose to do so, she was obligated to comply with the mandates of article 891 and to identify the officers by name so they could plead *1074 to the petition. The failure to identify the parties by name renders the petition vague.[8] The trial court did not err in sustaining the City's exceptions of nonconformity and vagueness.
When the grounds of the objections pleaded in the dilatory action may be removed by amendment of the petition or other action by plaintiff, however, the trial court is required by Code of Civil Procedure article 933 to order the plaintiff to remove the grounds for objection within the delays allowed by the court and to dismiss the suit "only for noncompliance with this order." The trial court committed legal error herein when it failed to give plaintiff an opportunity to amend the petition to correct these procedural defects before dismissing her suit with prejudice.[9]

LACK OF PROCEDURAL CAPACITY
The City moved to dismiss plaintiff's suit because she failed to allege in her petition that she has been qualified as her son's tutrix or that she otherwise has the procedural capacity to bring the suit on his behalf. This exception was properly granted,[10] but the trial court committed legal error in dismissing plaintiff's suit with prejudice without giving her the opportunity to correct this easily-remedied defect.[11]

NO CAUSE AND NO RIGHT OF ACTION
Both the Marshal and the City filed exceptions of no cause of action to plaintiff's petition. The peremptory exception of no cause of action questions whether the law affords any remedy to the plaintiff under the allegations of the petition. It is triable solely on the face of the petition and any attached documents. All pleaded facts are accepted as true, and any reasonable doubt as to the legal sufficiency of the petition must be resolved in favor of finding the petition states a cause of action.[12] The City's exception is based on the failure of plaintiff to name the officers in the petition. As stated above, plaintiff need not even have sued the officers. Plaintiff alleged in her petition that she was physically abused by the City's law enforcement officers. The law affords a remedy to a citizen who is physically abused by law enforcement officers exercising excessive force. Plaintiff clearly stated a cause of action against the City.
The Marshal's exception of no cause of action relied on evidence filed in support of its motion for summary judgment. Since an exception of no cause is triable on the face of the petition, those documents cannot be considered. Plaintiff alleged a marshal used excessive force against her, that is a claim for which the law affords a remedy.
The Marshal also filed an exception of no right of action. The peremptory exception of no right of action raises the question of whether a remedy afforded by law can be invoked by the plaintiff and determines if the plaintiff has a right or legal interest in the subject matter of the suit.[13] A plaintiff who alleges she has been damaged by a law enforcement officer's use of unreasonable force has a right of action against that officer.
In short, neither the exceptions of no cause of action nor the exception of no right of action have merit, and the trial court erred in granting those exceptions.

MOTION FOR SUMMARY JUDGMENT
Plaintiff's mother, Mary Lee Dudley, filed a lawsuit under 42 U.S .C. § 1983, alleging a deputy city marshal, James Johnson, used excessive force in restraining her following the altercation between Berry and plaintiff. The Marshal successfully moved to dismiss that suit on a qualified-immunity defense. The Marshal then moved for summary judgment in this case, attaching in support thereof *1075 the affidavit of V. Gordon Anderson, the Hammond City Marshal, together with the federal court opinions and the affidavits filed in Dudley's case.
The federal court opinions in Dudley's case are irrelevant. The issue in that suit was whether deputy marshal James Johnson was "objectively reasonable" in restraining Dudley; that suit had nothing to do with whether marshal Earl Hutchison used excessive force against plaintiff.
Anderson's affidavit, however, strikes a fatal blow to plaintiff's claim against the Marshal. Anderson's unrebutted affidavit states he has been the Hammond City Marshal for the past twenty-two years and that no Earl Hutchison has ever been employed as marshal or deputy marshal by the City of Hammond. Plaintiff did not identify any other employee of the Marshal as being involved in the altercation.
The affidavit of the judge sitting ad hoc in Hammond City Court at the time of the altercation, Kenneth L. Ross, and the affidavits of plaintiff and Dudley mention no employee of the Marshal other than Johnson. Plaintiff knew Johnson's identity but did not allege he used excessive force against her, relying instead on the alleged excessive force of the phantom "Earl Hutchison." Plaintiff filed nothing to rebut Anderson's and Ross's affidavits or to show that some other employee of the Marshal flung her against the wall. Thus, summary judgment was properly granted in favor of the Marshal.

MARSHAL'S EXCEPTIONS OF INSUFFICIENCY OF CITATION, INSUFFICIENCY OF SERVICE, NONCONFORMITY OF THE PETITION, AND LACK OF PROCEDURAL CAPACITY
The Marshal contends citation and service were insufficient and the petition failed to conform to the requirements of Code of Civil Procedure 891. The Marshal also contends plaintiff failed to allege she had the proper procedural capacity to file suit on behalf of her minor child. Because we affirm the dismissal of plaintiff's claim against the Marshal on summary judgment, these exceptions are moot.

MOTION FOR SANCTIONS AND REQUEST FOR FRIVOLOUS APPEAL DAMAGES
The Marshal moved for sanctions against plaintiff under Code of Civil Procedure article 863 for filing an allegedly frivolous motion for new trial. The trial court granted the motion and ordered plaintiff to pay the Marshal $5,000.00. Plaintiff has appealed that award.
Code of Civil Procedure article 1972 requires the trial court to grant a motion for new trial when the judgment appears clearly contrary to the law and evidence. Plaintiff argued that the judgment granting all the City's and the Marshal's exceptions and motion and dismissing her suit with prejudice as against all defendants, even those who did not file exceptions or motions, was clearly contrary to the law and evidence. In light of our findings above, we agree. Plaintiff's motion for new trial was meritorious, and article 863 sanctions were clearly inappropriate in this case.
The Marshal now also asks for damages for frivolous appeal under Code of Civil Procedure article 2164. That statute is penal in nature and must be strictly construed.[14] Moreover, appeals are favored, and damages for a frivolous appeal are not granted unless they are clearly due.[15] Even when an appeal lacks serious legal merit, damages for a frivolous appeal will not be made unless it is clear that the appeal was taken solely for the purpose of delay or that appellant's counsel is not serious in the position he advocates.[16] In light of our findings in this case, the appeal was not frivolous but had merit. Thus, the Marshal's request for article 2164 damages is denied.

*1076 CONCLUSION
For the foregoing reasons, the portion of the judgment dismissing plaintiff's suit against the Marshal is affirmed. The judgment assessing sanctions against plaintiff under article 863 is reversed. The portion of the judgment dismissing the City (and any other unnamed parties by virtue of dismissal of plaintiff's entire suit) with prejudice is reversed, and judgment is rendered in favor of plaintiff overruling the City's exceptions of no cause of action and nonjoinder. This suit is remanded to the 21st Judicial District Court to permit plaintiff to amend her petition within thirty days to cure the defects of vagueness and nonconformity as raised by the City and to assert facts establishing her procedural capacity. If she fails to do so timely, her suit shall be dismissed, but only as to the City. The Marshal's request for damages for frivolous appeal is denied. All costs of this appeal are taxed to the City.
AFFIRMED IN PART, REVERSED IN PART, RENDERED IN PART, AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] Susananbadi v. Johnson, 97-91, p. 5 (La.App. 5th Cir.9/19/97), 700 So.2d 886, 888; Lozier v. Security Transfer & Inv. Corp., 96-2690, p. 6 (La.App. 4th Cir.4/30/97), 694 So.2d 497, 500-501; Robertson v. Our Lady of the Lake Regional Medical Ctr., 574 So.2d 381, 384-385 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La. 1991).
[2] Town of Grand Isle v. Dynamic Constructors, 374 So.2d 703, 704 (La.App. 1st Cir.1979).
[3] Acts 1995, No. 662, § 1.
[4] La. C.C.P. art. 641.
[5] La. C.C.P. art. 642.
[6] Narcise v. Illinois Central Gulf R.R., 427 So.2d 1192, 1194 (La.1983).
[7] See Spell v. Executive Officers, Directors & /or Shareholders of P & W Indus., 316 So.2d 474, 476 (La.App. 1st Cir.), writ denied, 320 So.2d 911 (La.1975).
[8] Id.
[9] Hemps Creek Users v. Pollutors of Hemps Creek, 330 So.2d 361, 363 (La.App. 3d Cir.1976).
[10] See La. C.C.P. art. 683.
[11] La. C.C.P. art. 933.
[12] Neomar Resources v. Amerada Hess Corp., 94-0216, p. 2 (La.App. 1st Cir.12/22/94), 648 So.2d 1066, 1067, writ denied, 95-0216 (La.3/17/95), 651 So.2d 277; La. C.C.P. art. 931.
[13] Neomar Resources, 94-0216 at pp. 2-3, 648 So.2d at 1067.
[14] Robling v. Allstate Ins. Co., 97-0582, p. 13 (La.App. 1st Cir.4/8/98), 711 So.2d 780, 787.
[15] Nungesser v. Nungesser, 558 So.2d 695, 702 (La.App. 1st Cir.), writ denied, 560 So.2d 30 (La.1990)
[16] Robling, 97-0582 at p. 13, 711 So.2d at 787; Fisk v. Mathews, 525 So.2d 223, 227 (La.App. 1st Cir.1988).