LSHORTESS, J.
George D. Lentz, Jr. (plaintiff), a resident of St. Tammany Parish, filed suit against Robert Applegate, Ammo Y Guns, Flint Packaging Store, Inc., and Yellow Freight Systems, Inc. He alleged that Ap-plegate, a Michigan resident, and Ammo, a Michigan business, had advertised ammunition-reloading equipment for sale in a periodical sold and distributed in St. Tammany Parish, that he had responded to the advertisement and sent a check for $12,-000.00 to Applegate and Ammo in Michigan, and that Applegate and Ammo caused the equipment to be packaged by Flint, a Michigan corporation, for shipment to Louisiana by Yellow Freight. Plaintiff further alleged that the equipment, when received, was defective, that parts of the equipment were missing, and that it was also improperly packaged by Flint and damaged in shipping. His cause of action against Applegate and Ammo sounded in redhibition, breach of contract, and negligence. His claim against Flint was based on negligence.
Plaintiff alleged in his petition that the parties were subject to the jurisdiction of Louisiana state courts pursuant to Louisiana Revised Statute 13:3201. Applegate, Ammo, and Flint (defendants) excepted to the court’s jurisdiction over them, contending they lacked sufficient minimum contacts with Louisiana for the state to invoke its jurisdiction over them. The trial court granted the exception. Plaintiff appeals.
Revised Statute 13:3201 sets forth the basis for a Louisiana court’s exercise of personal jurisdiction over a nonresident. It provides in pertinent part:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
[[Image here]]
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.
The Louisiana State Law Institute comment (d) states, “ ‘Transacting business!,’] as used in Subdivision (a), is a term which is much broader than ‘doing business’ as defined by earlier Louisiana cases .... It is intended to mean a single transaction of either interstate or intrastate business
[[Image here]]
|aThe trial court relied on the 1989 Louisiana Fourth Circuit decision of J. Wilton Jones Co., Inc. v. Touche Ross & Co.,[1] finding that a single sale of equipment to a Louisiana resident was insufficient to establish personal jurisdiction over a nonresident defendant. In the J. Wilton Jones case, the defendant had made two sales in Louisiana. Even though the defendant had transacted business in this state, the fourth circuit held Louisiana courts had no personal jurisdiction over the defendant because it had no business office, agent for service of process, or employees in Louisiana, owned no property here, never sent any salesmen, servicemen, or representatives here, and did not advertise in local *329 Louisiana media. The trial court found the J. Wilton Jones case “compelling.” It stated defendants had established no presence in Louisiana and the sale was their only contact with Louisiana.
In International Shoe Company v. State of Washington,[2] the Supreme Court first enunciated the due-process test that in order to subject a nonresident defendant to a personal judgment, the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. The test has evolved into a two-part test, the first part being the minimum-contacts prong, which is satisfied by a single act or actions by which the defendant ‘‘purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.”[3] The nonresident’s purposeful availment must be such that the defendant “should reasonably anticipate being haled into court” in the forum state.[4]
The second prong of the test centers around the fairness of the assertion of jurisdiction. Once the plaintiff meets his burden of proving minimum contacts, “a presumption of reasonableness of jurisdiction arises” and “[t]he burden then shifts to the opposing party to prove the assertion of jurisdiction would be so unreasonable in light of traditional notions of fan-play and substantial justice as to overcome the presumption of reasonableness created by the defendant’s minimum contacts with the forum.”[5]
|4The most recent expression of Louisiana law on personal jurisdiction is found in the 1999 Louisiana Supreme Court case of Ruckstuhl v. Owens Corning Fiberglas Corporation,[6] In that case, the plaintiffs sued the manufacturer of a cigarette filter that was incorporated into cigarettes that were ultimately sold in Louisiana. The defendant excepted to personal jurisdiction, stating it never sold, delivered, advertised, or marketed its filter material in Louisiana, did not design the filter media for any Louisiana market, did not have any Louisiana customers for such a product, did not maintain an office or obtain a license to do business in Louisiana, had never had an office or other place of business in Louisiana, did not have any employees in Louisiana, was not registered to do business in Louisiana, did not maintain any bank accounts in Louisiana, and did not maintain toll-free numbers for the use of Louisiana residents. Despite the lack of direct contacts with this state, the Louisiana Supreme Court held there was jurisdiction. The court found that the sale of a product to an end-product manufacturer with the knowledge the end product will reach the forum state through the efforts of the manufacturer was sufficient to meet the minimum-contacts prong of the due-process test under the United States Constitution.
If the defendant’s indirect contacts in Ruckstuhl are enough to constitute minimum contacts sufficient to exercise personal jurisdiction over a nonresident defendant, the conduct of Applegate and Ammo alleged in the petition of entering into a contract with a Louisiana resident and sending allegedly defective merchandise into this state, and the conduct of Flint of packaging equipment for the sole purpose of safely transporting it into this state, must, a fortiori, be sufficient.
*330 Even if minimum contacts exist, the court must still determine whether it is fundamentally fair to exercise jurisdiction over a defendant. In determining this issue, we must examine defendant’s burden, the forum state’s interest, the plaintiffs interest in convenient and effective relief, the judicial system’s interest in efficient resolution of controversies, and the state’s shared interest in furthering fundamental social policies.[7] In Ruckstuhl, the court noted it was a considerable burden on the defendant to travel from Massachusetts to Louisiana, but “today’s modern transportation has made it less burdensome for a party to defend himself in a state where he engages in economic | ¡¡activity.”[8] The court further noted in that case that Louisiana has a significant interest in adjudicating a dispute that involves a sale of an allegedly defective product to a Louisiana consumer where that product causes a personal injury in this state.[9] Furthermore, the interests of both Michigan and Louisiana are furthered by allowing plaintiff to proceed here.
Defendants excepted to the Louisiana court’s jurisdiction. The burden of proof is on the exceptor to prove the facts necessary to sustain an exception.[10] Defendants presented no evidence in support of their exception. Our review of the record reveals no evidence was introduced and no stipulations were made at the hearing on the exception. The trial court apparently relied on statements made in defendants’ briefs, but those statements do not constitute evidence.
The facts alleged in plaintiffs petition show sufficient minimum contacts for Louisiana courts to exercise personal jurisdiction over defendants, and such exercise of personal jurisdiction appears to be fundamentally fair. The trial court’s reliance on J. Wilton Jones Co., Inc. v. Touche Ross & Co. was misplaced in light of Ruckstuhl. Defendants have not borne their burden of proving Louisiana’s lack of personal jurisdiction over them. Thus, we must reverse the judgment of the trial court and remand this ease for further proceedings.
REVERSED AND REMANDED.

. 556 So.2d 67 (La.App. 4th Cir.1989).

. 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

. de Reyes v. Marine Management & Consulting, 586 So.2d 103, 107 (La.1991).

. 98-1126 (La.4/13/99), 731 So.2d 881.

. Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).

. Ruckstuhl, 98-1126 at 14.

. Id. at p. 15. Plaintiff has alleged he suffered menial anguish as a result of defendants' negligence and the defects in the product sold by Applegate and Ammo.

. Charleston v. Berry, 97-2527, p. 3 (La.App. 1st Cir. 12/28/98), 723 So.2d 1069.