NANCY ANDERSON, ET AL.

VERSUS

BOB DEAN, JR., ET AL.

NO. 23-C-255

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 820-839, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING


May 31, 2023


**JOHN J. MOLAISON, JR.**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and John J. Molaison, Jr.


<u>**AFFIRMED**</u>
**JJM**
**FHW**
**JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/RELATOR,
TDC SPECIALTY INSURANCE COMPANY
 Danica B. Denny
 Kathleen P. Rice
 Daniel Schwank

**MOLAISON, J.**

TDC Specialty Insurance Company, a defendant in the above captioned matter, seeks review of the trial court's denial of its peremptory exceptions of no cause of action and non-joinder, and an alternative motion to stay. For the reasons that follow, we affirm.

*Relevant procedural history*

The underlying matter is a class action lawsuit[1] related to nursing home evacuations that occurred during Hurricane Ida. The application before us shows that the original petition was filed at the Twenty-Fourth Judicial District Court on September 6, 2021. In a second supplemental and amending petition filed on August 4, 2022, the plaintiffs named TDC Specialty Insurance Company ("TDCSIC") as a defendant in its capacity as an insurer which provided policy LTP-00828-21-02 to Louisiana Healthcare Consultants, LLC and "other named Insureds." The plaintiffs asserted in the amending petition that they were entitled to proceed against TDCSIC under the provisions of the Louisiana Direct Action Statute, La. R.S. 22:1269. Although a Class Action Stipulation of Settlement between the parties was executed and entered into the record on August 15, 2022, TDCSIC had filed a petition in federal district court on August 2, 2022, which sought a judicial determination and declaration as to the parties' rights and obligations under Long Term Care Organizations Liability Policy No. LTP-00828-21-02, and other relief. On February 22, 2023, TDCSIC filed peremptory exceptions of no cause of action and non-joinder, and an alternative motion to stay pursuant to La. C.C.P. art. 532. In the instant writ application, TDCSIC seeks review of the trial court's denial of its Exception of Non-Joinder and Motion to Stay, following a hearing on April 11, 2023.

---

[1]  It is unclear from the record before us when the class was certified.

The existence of multiple class action lawsuits against a single defendant is not novel in Louisiana. In prior cases where multiple class actions were ongoing simultaneously, in determining whether an action in one case adversely affected parties in another case for the purposes of *lis pendens* or *res judicata*, Louisiana courts looked to factors such as the identity of the parties and the nature of the claims.[2] To the extent that TDCSIC argues, generally or theoretically, that a ruling in the instant case will create inconsistent obligations among the other pending class actions lawsuits against it in Louisiana, we note that the application before us contains no information about the nature of the claims in the other lawsuits or members of those respective classes.

*Exception of non-joinder*

La. C.C.P. art. 641 states:

> A person shall be joined as a party in the action when either:
>
> (1) In his absence complete relief cannot be accorded among those already parties.
> (2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
> (a) As a practical matter, impair or impede his ability to protect that interest.
> (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

In its exception of non-joinder, TDCSIC argued:

---

[2] See, for example, *Chalona v. Louisiana Citizens Prop. Ins. Corp.*, 08-0257 (La. App. 4 Cir. 6/11/08), 3 So.3d 494, 505:

> Here, although both suits involve LCPIC's actions in adjusting its insured's claims in the aftermath of Hurricanes Katrina and Rita, the identity of the parties is not necessarily the same. In the instant case, the class includes only those who are seeking recovery for LCPIC's failure to submit a timely written offer of settlement, while the Oubre class includes those who are seeking damages and penalties for LCPIC's failure to timely initiate loss adjustment. While it is possible that some individuals could be included as members of both the Oubre class and the instant class, the relief sought in the two cases is not the same. Thus, a judgment in the Oubre lawsuit would not have the effect of res judicata in the instant suit.

> Plaintiffs failed to join all parties with an interest in this action. Plaintiffs failed to name as Defendants all the persons claiming an interest in the insurance policy, the insureds or putative insureds, and all of the other claimants as required by La. Code Civ. Proc. Art. 641.

Accordingly, TDCSIC refers to two types of non-joined parties consisting of "claimants," which presumably equate to plaintiffs,[3] and its own insureds.

*Putative class representatives*

Once the class has been certified, if there is no alteration or other change in the constituency of the class or the issues, the decision on the merits is conclusive as to all members of the class. "A definitive judgment on the merits rendered in a class action concludes all members of the class, whether joined in the action or not, if the members who were joined as parties fairly insured adequate representation of all members of the class." La. C.C.P. art. 597. *Greater New Orleans Car Dealers Ass'n v. Louisiana Tax Comm'n*, 95-308 (La. App. 5 Cir. 10/18/95), 663 So.2d 797, 800. An exception of non-joinder of necessary parties therefore cannot be sustained when the alleged necessary parties are members of a class in a class action suit. *Hemps Creek Users v. Pollutors of Hemps Creek*, 330 So.2d 361, 363 (La. Ct. App. 1976).

While TDCSIC generically refers to unnamed claimants in its exception of non-joinder, it has not challenged the certification of the plaintiffs as a class. The petition in this case is clear that the named plaintiffs have brought the class action lawsuit "individually and as representatives of all those similarly situated." Adequacy of representation for class certification requires that the claims of the proposed class representatives be a cross-section of, or typical of, the claims of all class members. *Duhon v. Harbor Homeowners' Ass'n, Inc.*, 15-0852 (La. App. 4 Cir. 6/30/16), 197

---

[3] This usage of "claimants" would be consistent with TDCSIC's petition filed in federal court.

So.3d 322, 329. The plaintiffs do not have to produce an individual representing every type of claim. *Andrews v. Trans Union Corp.*, 04-2158, (La. App. 4 Cir. 8/17/05), 917 So.2d 463, 468. As noted above, the writ application provides no basis upon which this Court can consider whether specific claimants should be joined in the instant action. However, as the class has previously been certified without dispute, we presume that any similarly situated "claimants" not named thus far are nonetheless adequately represented.

<u>*Named defendants in the instant action*</u>

TDCSIC claims that the following parties that were not named in the plaintiffs' petition, referred to as "entities that have sought coverage under the Policy," are necessary to the action: Donise Boscareno, William Trent Daigre, Michael G. Russo, Plaquemine Plaza Holdings, LLC, Property Crescent City, LLC, Opelousas Land Holding Company LLC, and Maison Orleans I LLC.[4] However, TDCSIC provides no information about why these particular parties are indispensable to this specific lawsuit.

In their first supplemental and amending petition, the plaintiffs reserved the right to add additional "presently unknown" defendants "for which the identities become known through investigation and discovery, and which are liable jointly, severally, and *in solido* along with the other Defendants." Accordingly, though the plaintiffs apparently reserved the right

---

[4] According to TDCSIC's federal petition, these parties are identified as follows: Maison Orleans I LLC "is a limited liability company, the sole member of which, Bob G. Dean, Jr., is a citizen of Georgia"; Opelousas Land Holding Company LLC "is a limited liability company, the sole member of which, Bob G. Dean, Jr., is a citizen of Georgia"; Plaquemine Plaza Holdings, LLC "is a limited liability company, the sole member of which, Bob G. Dean, Jr., is a citizen of Georgia"; Property Holding Company of Crescent City, LLC "is a limited liability company, the sole member of which, Bob G. Dean, Jr., is a citizen of Georgia"; "Defendant Donise Boscareno is a resident and citizen of the State of Louisiana. She is included as a defendant because she has sought coverage under the Policy for at least one claim that names her as a defendant"; "Defendant William Trent Daigre is a resident and citizen of the State of Louisiana. He is included as a defendant because he has sought coverage under the Policy for at least one claim that names him as a defendant."; "Defendant Michael G. Russo, MD is a resident and citizen of the State of Louisiana. He is included as a defendant because he has sought coverage under the Policy for at least one claim that names him as a defendant."

23-C-255                                      4

to add additional parties, it not clear from the writ application why they have not yet done so. However, we note that with the exception of William Daigre and Michael Russo, all of the potential defendants referred to by TDCSIC are addressed specifically in the Class Action Stipulation of Settlement entered into the record on August 15, 2022, and are referred to as "released parties."

*TDCSIC as a party to the lawsuit*

The plaintiff's original petition was filed on September 6, 2021. In its first supplemental and amending petition, filed on September 16, 2021, the section titled "Parties," Section 2(L), added as a defendant:

> XYZ Insurance Companies, the identities of which are presently unknown, yet which separately or together provide any, some or all of the Defendants insurance coverages for the acts, omissions, occurrences and/or liability of Defendants as set forth in this Petition.

The record before us shows that the insurance policy at issue was identified as LTP-00828-21-02. Ultimately, it was discovered that TDCSIC had issued the policy. TDCSIC does not dispute that it was an insurer of the defendants in the state district court action, which was filed well before its own federal petition. TDCSIC also does not dispute that the state court action was timely filed.

It appears from the record that there was confusion on the part of the plaintiffs as to the proper name of the defendants' insurer. An affidavit from plaintiff's counsel Tate Martin, dated January 17, 2023, states that in the process of drafts of the proposed settlement and preliminary approval documents, he communicated with new defense counsel, referring to the client as "TDC Specialties Insurance Company." Counsel for TDC changed references in some of the documents under review to "TDC Specialty Underwriters." Mr. Watson claims that he relied on the representations of

Counsel for Defendants in their revisions to the settlement and preliminary approval documents that TDC Specialty Underwriters was the correct entity to name as the insurer who issued the policy. He concludes in his affidavit:

> 11. In the Second Supplemental and Amended Petition, I requested that TDC Specialty Underwriters be served through the Secretary of State, which I knew to be the process for serving a foreign insurer.
> 12. At 10:14 AM on August 4, 2022, I received an email from Philip Watson with an updated version of the settlement and preliminary approval documents where, for the first time, the name for the TDC entity was changed back to "TDC Specialty Insurance Company."

The proper name for TDCSIC was ultimately corrected in the plaintiffs' third amending petition, filed on January 17, 2023.

*First filed action*

As part of its argument, TDCSIC contends that the action in federal court is, in fact, a "First-Filed Action" which is a "more comprehensive action which includes all coverage defenses and all potential claimants, insureds, and putative insureds, and is already progressing in the United States District Court for the Eastern District of Louisiana." However, this assertion fails to address the fact that it was first identified generically in the September 16, 2021 original petition as one of the "XYZ Insurance Companies" that provided insurance coverages for the defendants. The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him. *Ray v. Alexandria Mall, Through St. Paul Prop. & Liab. Ins.*, 434 So.2d 1083, 1087 (La. 1983). For the purposes of determining which lawsuit was considered to have been filed first, La. C.C.P. art. 1153 provides for the relation back of the amended petition to credit it with the notice and timeliness of the first petition if the action or

defense asserted in the amended petition arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Accordingly, the plaintiffs' third amending petition, filed on January 17, 2023, which correctly named TDCSIC, relates back to the original petition filed on September 16, 2021.

*The Class Action Stipulation of Settlement*

The Class Action Stipulation of Settlement is significant to the issues before us for reasons other than previously discussed. According to the application, TDCSIC began review of the miscellaneous draft settlement documents on July 28, 2022. Two sections of the settlements are pertinent to the issues raised in this application. Section III, subsection (h) acknowledges a dispute between the parties regarding the amounts of coverages and policy limits available under the policy issued by TDCSIC under Policy No. LTP-00828-21-02.

Section III , subsection (h), states:

Plaintiffs currently dispute the amounts of coverages and policy limits available under the policy issued by TDC Specialty Insurance Company, Policy No. LTP-00828-21-02. Specifically, the Class contends that there was THREE MILLION ($3,000,000) DOLLARS in available coverage under that policy, while TDC Specialty Insurance Company contends that there was ONE MILLION ($1,000,000) DOLLARS in available coverage under that policy. Class Members and Plaintiffs reserve any rights they may have to negotiate and/or litigate the available insurance proceeds under that policy, as Plaintiffs contend that policy had as much as $3,000,000 million in coverage before the resolution of prior settlements. TDC Specialty Insurance Company disputes that Plaintiffs have any valid basis to seek amounts from TDC Specialty Insurance Company in excess of what was the $1,000,000 limit (less previously paid settlements), and continues to reserve all rights under the policy and at law. The Parties agree that the Stipulation of Settlement does not alter or vary the terms of the TDCSI Policy. As this dispute does not pertain to Hallmark Specialty Insurance Company or Federal Insurance Company, Representative Plaintiffs, Class Members and Plaintiffs agree to dismiss and forever release Hallmark Specialty Insurance Company and Federal Insurance Company without reservation, and agree that the Hallmark Specialty Insurance

Company and Federal Insurance Company policies are fully exhausted.

Next, and perhaps more importantly, section (kk) shows the intent of the parties to grant continuing jurisdiction to the Twenty-Fourth Judicial District Court over all issues related to the stipulation:

> (kk) Continuing jurisdiction. The 24th Judicial District Court for the Parish of Jefferson shall retain exclusive and continuing jurisdiction over this Stipulation and over all Parties and class members to interpret, effectuate, enforce, and implement this Stipulation.

It is not clear from the record why TDCSIC continued to negotiate the terms of the settlement that would allow for a determination of the policy limits to be litigated in state district court, which it ultimately signed on August 15, 2022, after filing a federal petition on August 2, 2022, which essentially sought review of the same issue regarding the state court defendants.

*TDCSIC's federal petition*

In support of its exception of non-joinder, TDCSIC attached a copy of a petition it filed on August 2, 2022, in United States District Court for the Eastern District of Louisiana, which set forth a claim to:

> [O]btain a judicial determination and declaration as to the parties' rights and obligations under Long Term Care Organizations Liability Policy No. LTP-00828-21-02 issued to Louisiana Health Care Consultants, LLC (or, "Louisiana Health Care") for the policy period, as modified by endorsement, of June 15, 2021 to February 2, 2022 (the "Policy"), with respect to certain claims, and a money judgment. . . .
> In addition, TDCSI seeks a money judgment that it is entitled to recover amounts paid by TDCSI in defense costs after it pays the full amount of the $1,000,000 each claim limit of liability of the Policy.

In its petition, TDCSIC named a total of 192 defendants that consisted of corporate entities, their owners, and individual "claimants. In addition, the petition referenced a total of 25 separate state lawsuits filed in various Louisiana jurisdictions. The petition clarified that TDCSIC sought a

declaration from federal court that the evacuation claims are related claims under the policy that should be treated as a single claim to which the maximum liability is $1,000,000. TDCSIC then asserted that it had exhausted the $1,000,000 claim limit of liability of the policy through payments made for settlement of evacuation claims against the insureds and, therefore, had exhausted any further obligation it had to pay any defense costs or indemnity for the remaining evacuation claims. Finally, in summary, TDCSIC argued that miscellaneous policy exclusions applied to bar coverage for the insureds. It also sought to recoup defense costs it alleges was incurred by insureds after the policy limit had been exhausted.

## Conclusion

The burden of proving an exception is on the party asserting it. *Town of Grand Isle v. Dynamic Constructors, Inc.*, 374 So.2d 703 (La. App. 1st Cir. 1979). The facts, rather than allegations, must leave no doubt that complete relief cannot be accorded without the joinder of the parties alleged by the exceptor. *Crooks v. State through Dep't of Nat. Res.*, 21-716 (La. App. 3 Cir. 6/29/22), 343 So.3d 248, 270, *writ denied*, 22-01168 (La. 11/1/22), 349 So.3d 2. The exception of non-joinder is a question of law and is reviewed on a *de novo* basis. *Ryan Gootee Gen. Contractors, LLC v. Plaquemines Par. Sch. Bd. & One Const., Inc.*, 15-325 (La. App. 5 Cir. 11/19/15), 180 So.3d 588, 596.

In the instant case, for the reasons stated, TDCSIC has not demonstrated with any specificity how complete relief cannot be accorded without the joinder of additional parties as either plaintiffs or defendants. There has been no showing that all potential members of the class are not adequately represented, or that the plaintiffs have failed to name a necessary party as a defendant germane to their particular causes of action as a class.

By way of the plaintiffs' amended petitions, TDCSIC's status as a defendant in this case pre-dates its own petition in federal court. Further, The Class Action Stipulation of Settlement, which TDCSIC has executed, clearly reserves the right to the parties to litigate the issue of policy limits in state court and also indicates the desire of the parties to remain under the state court's jurisdiction.

*Decree*

Accordingly, after a *de novo* review of the limited record before us, and on the particular facts presented, we find no basis upon which to disturb the rulings of the district court that denied TDCSIC's exception of non-joinder as well as the motion to stay. The judgment of the trial court is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MAY 31, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-C-255**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
KATHLEEN P. RICE (RELATOR)          DANICA B. DENNY (RELATOR)
DANIEL SCHWANK (RELATOR)            JASON A. CAVIGNAC (RESPONDENT)
                                     ROBERT T. MARTIN, II (RESPONDENT)

### MAILED
ROBERT E. COUHIG, JR. (RESPONDENT)
DONALD C. MASSEY (RESPONDENT)
JONATHAN P. LEMANN (RESPONDENT)
BLAIR C. CONSTANT (RESPONDENT)
ATTORNEYS AT LAW
1100 POYDRAS STREET
SUITE 3250
NEW ORLEANS, LA 70163